Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JENNIE M. YEOPLE, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Grandfather, CORNELIUS YEOPLE, against JOHN B. ROSE COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 6, 1918.

Workmen's Compensation Law — determination of dependency — dependency of child upon grandfather — evidence.

Evidence *held* to establish that the claimant, whose father and mother gave her to her grandparents when she was a few days old, with whom she has lived for over fifteen years as their child, was solely dependent upon the grandfather for her support.

The question of dependency is determined by the conditions existing at the time of the accident and is not affected by the fact that claimant was at the time of the hearing earning some wages or that her mother as a matter of spite to her grandmother, with whom she lived, was offering to take care of her.

COCHRANE and LYON, JJ., dissented, with opinion.

APPEAL by the defendants, John B. Rose Company and another, from so much of an award of the State Industrial Commission, entered in the office of said Commission on the 13th day of August, 1917, as grants compensation to the claimant as a dependent granddaughter of the deceased.

*Amos H. Stephens* [*E. Clyde Sherwood* and *William B. Davis* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the State Industrial Commission.

JOHN M. KELLOGG, P. J.:

The mother and father of the claimant gave her to the grandparents when she was a few days old and they have maintained her for over fifteen years as their child. There was some writing made giving the child to them, the terms of which do not appear. Apparently, in a separation action between the father and mother, they gave up their rights to

the child to the grandparents, and two dollars and fifty cents a week by the decree or settlement was allowed the wife for her support. The separation agreement made no provision for the child. The parents have lived next door to the grandparents and the child for years, and have not reclaimed her. It would be degrading for the child to be compelled to leave the grandmother, who had taken the place of mother to her, and return to the father and mother who had abandoned her, and it would be a gross injustice to the grandmother. The fact that the mother of the child appears in this action, testifying against the child, is evidence of the animosity which she bears to the grandmother and the want of love she has for her own child. It is manifest that the child would not be at home with her father and mother and that her real home is with her grandmother. The question of dependency is determined by the conditions existing at the time of the accident and is not affected by the fact that this fifteen-year-old girl was, at the time of the hearing, earning some wages, or that the mother, as a matter of spite to the grandmother, was offering to take care of the child. At the time of the injury the child was dependent solely upon the grandfather for her support and was supported by him. I favor an affirmance.

All concurred, except COCHRANE, J., dissenting in opinion, in which LYON, J., concurred.

COCHRANE, J. (dissenting):

Cornelius Yeople died as the result of injuries received, August 16, 1916, and an award has been made to his widow and to Jennie M. Yeople, as an alleged dependent granddaughter. No complaint is made of the award to the widow, but the sole question is whether the granddaughter was dependent on the deceased.

She was born October 22, 1901, her father being a son of the deceased. When she was four weeks old she was taken to the home of her grandparents where she has since resided; and has received her entire support from them. The cause of this unusual family disruption was an estrangement between her father and mother. An action for separation was instituted by the mother and alimony was paid her by her husband. After about a year and a half of separation, the parents made

another attempt at domestic felicity and seem to have been measurably successful inasmuch as they have ever since resided together and the family now consists of the father and mother, and two sons aged fourteen and ten, both going to school. The daughter by consent of all parties has remained with her grandparents. The father and grandfather both worked for this same employer at the time of the accident. The earnings of the father were somewhat in excess of those of the grandfather. The latter had an invalid son, an epileptic, entirely unable to earn anything and living with and dependent absolutely on his father. The claimant herself since the accident has been earning four or five dollars a week working in a button factory. It does not appear that the grandfather had any means of support except his limited and meagre earnings.

The statute (Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 16, subd. 4, as amd. by Laws of 1916, chap. 622) requires that the question of dependency " shall be determined as of the time of the accident." In Birmingham v. Westinghouse Electric & Mfg. Co. (180 App. Div. 48) this court said in discussing a question of dependency: " What occurred before or after the date of the accident is of no importance; it is what was the condition on that day." In that case it was held that the findings of the Commission to the effect that a mother living with her husband was dependent on her son were without evidence in their support and an award in favor of the mother was reversed. It seems clear in the present case that the finding of dependency is absolutely unsupported by the evidence. In the case cited it was said: " No evidence is given to show that she [the mother] was dependent upon him [the son]; the most that can be said of the evidence is that it shows that he contributed rather more than his share of the expenditures of a large family; but it does not show that if these contributions were withdrawn the claimant's husband was not abundantly able to care for her out of his own earnings at the time of the accident. He was not obliged to support the other members of his household; none of them had a legal claim upon him; his duty was to support his wife, and the undisputed facts show that he was earning enough to do this equally as well as

it was being done if he merely discharged the duty imposed upon him by law." So in the present case the legal liability to support the claimant rested not on her grandfather but on her father, and it appears that he was equally as able to discharge such liability as was the grandfather. Undoubtedly liability for support does not in and of itself under this law which we are now applying, determine a claim of dependency. But when in addition to such legal liability it appears that the person so liable was earning more than the deceased and was occupying equally as good a station in life, and that his family was not materially larger than that of the deceased and that he was able to give his daughter the natural advantages of a home with the influences and associations of father, mother and brothers, none of which associations or influences appear to be derogatory to the welfare of the daughter, the claim of dependency based not on the duty but on the generosity of a third person seems to disappear. More especially is this true when the daughter is approaching a time when she has an earning capacity of her own and can, therefore, if necessary contribute materially to her own support, an advantage which did not exist during the years she was living with her grandparents. The mother of the claimant testifies that she and her husband both desire their daughter to live with them. The fact that the grandmother wishes to keep her, and that the granddaughter may prefer to remain with her grandmother, does not establish a claim of dependency. Apparently all there is in this case in support of such a claim is the desire of these two people to live together, a desire stimulated by the prospect of an award which would not have been made if the claimant had been living with her parents. It clearly was not the purpose of the statute to make compensation in deference to a claim which rests on nothing but sentimentality. The dependency of the claimant at the time of the accident under the undisputed facts was not on her grandfather but on her father.

The award so far as appealed from should be reversed, and the claim dismissed.

Lyon, J., concurred.

Award affirmed.