JOHNSON COFFEE CO. *v.* PEARL MCDONALD *et al.*

(*Knoxville.* September Term, 1920.)

1. **MASTER AND SERVANT.** Injury while returning with lunch to employer's premises held to ''arise out of and in course of employment'' within Compensation Law.

Where an employer permitted his employees to eat their lunch upon the premises, the death of an employee which occurred while she was returning to her place of work in an elevator operated by · her employee, after having procured her luncheon outside, for the purpose of eating it within the place of work, arose out of and in the course of her employment within Workmen's Compensation Law, section 2. (*Post, pp.* 510-512.)

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: Terlecki v. Strauss, 85 N. J. Law, 454; Rayner v. Furniture Co., 180 Mich., 168; Clem v. Chalmers Motor Co., 178 Mich., 340; In re Sundine, 218 Mass., 1; Armstrong v. Redford, (1920) A. C. 757.

2. **MASTER AND SERVANT.** Dependency within Compensation Law determined as of time of accident. -

Dependency entitling parties to compensation under the Workmen's Compensation Law is to be determined as of the time of the accident, unaffected by subsequent conditions. (*Post, pp.* 512-514.)

Cases cited and approved: Newton v. Rhode Island Co. (R. I.), 105 Atl., 363; Birmingham v. Westinghouse Electric Co., 180 App. Div., 48; In re Yeople, 182 App. Div., 438; Miller v. Riverside Storage Co,, 189 Mich., 360.

Cases cited and distinguished: Pryce v. Navigation Co., (1902) 1 K. B., 221; Bott's Case, 230 Mass., 152; State ex rel. Radisson Hotel v. District Court, 143 Minn., 144.

Johnson Coffee Co. v. McDonald.

3. **MASTER AND SERVANT.** Compensation Law given broad con-
   struction.

   The Workmen's Compensation Law should be given a broad construc-
   tion to accomplish its purpose to provide for dependents of the
   employee. (*Post, p.* 514.)

4. **MASTER AND SERVANT.** Children whose father is living may
   be allowed compensation as being dependent upon mother.

   Workmen's Compensation Law, section 30, subsections 9-13, dealing
   with the question of compensation to be paid in death cases.
   recognize that dependency as a matter of fact may exist on the
   part of a husband or children upon the wife and mother, so that
   the court may find the children actually dependent upon the
   mother, though their divorced father was still living and had not.
   been relieved of his obligation to support them, and had secured
   employment as a means of supporting them after the mother's
   death. (*Post, pp.* 514-516.)

5. **MASTER AND SERVANT.** Conclusive presumption of dependency
   on father does not exclude proof of actual dependency on mother.

   The provision of Workmen's Compensation Law, section 30, creating
   a conclusive presumption that children under sixteen are wholly
   dependent on the father, means that compensation shall be paid
   to such children for the death of the father, whether they are as
   a matter of fact dependent upon him or not, but does not ex-
   clude proof in proceedings to recover compensation for the death
   of the mother that the children were in fact dependent upon her
   earnings, though the father was still living. (*Post, pp.* 514-516.)

   Acts cited and construed: Acts 1919, ch. 123, sec. 30, subsecs. 9-13.

   Cases cited and approved: In re Carroll, 65 Ind. App., 146; Parson
   v. Murphy, 101 Neb., 542; Sweet v. Sherwood. 40 R. I., 203;
   Purdy v. Watts, 91 Conn., 214.

---

FROM HAMILTON.

---

Error to the Circuit Court of Hamilton County.—HON. OSCAR YARNELL, Judge.

W. H. WATKINS, for appellant.

JONES & MCGHEE, for appellees.

MR. EDWARD J. SMITH, Special Justice, delivered the opinion of the Court.

This case arises under the Workmen's Compensation Law (chapter 123, Acts of 1919). An award having been made by the circuit judge, an appeal in the nature of a writ of error has been prayed directly to this court, as provided by section 32 of said act.

The facts, which are either admitted in the answer to the petition or developed by the proof, are uncontroverted, and are as follows:

On January 28, 1920, Mrs. Cora McDonald, who was employed as a packer by the Johnson Coffee Company of Chattanooga, Tenn., left the building in which she was employed, went across the street, procured some lunch, and as she was going to the third floor of said building to eat her lunch, the elevator, which was operated by some one on the outside thereof, did not stop at the third floor, but ran past the same, and Mrs. McDonald, becoming excited, attempted to get off the elevator, but fell into the elevator shaft and was killed.

It is admitted that the Coffee Company allowed its employees to eat their lunch during the noon hour on

premises, and that Mrs. McDonald was so engaged at the time she met her death. She was earning $8 a week at the time of her death, and her daughter, Pearl McDonald, a girl about seventeen years old at that time, was likewise earning $8 a week in the employ of the Coffee Company, the earnings of the mother and daughter being pooled for the support of the mother, the daughter Pearl, a daughter Alice McDonald, twelve years of age, and a son, George McDonald, about eight years of age.

On May 6, 1918, Mrs. McDonald obtained a divorce from her husband, W. M. McDonald, who lived in Georgia, but did not contribute to the support of his wife or three children, except that he would at times buy shoes for the children or send little sums of money to them to obtain gifts at Christmas. There is no conflict in the evidence that Mrs. McDonald was actually supporting the children, and had been doing so for a number of years prior to her death. On the day following her death, her divorced husband, W. M. McDonald, returned from Georgia and obtained employment at the Milne Chair Company, at Chattanooga, where his daughter Pearl also obtained employment, and together they were earning about $30 a week at the time this case was heard in the court below, whereas Mrs. McDonald and Pearl McDonald were jointly earning $16 a week prior to Mrs. McDonald's death.

The proof shows that W. M. McDonald, the father, works intermittently, due to his bad health, being at times able to work only a few days

The court below found that the injury which caused Mrs. McDonald's death arose out of and in the course of her employment as defined by subsection (d), section 2, of chapter 123, Acts of 1919, and that Pearl McDonald, who will be eighteen years old on February 15, 1921, Alice McDonald, who will be eighteen years old on September 8, 1925, and George McDonald, who will be eighteen years old on May 1, 1930, were dependent upon Mrs. Cora McDonald at the time of her death. The court awarded them the sum of $5 a week for a period not to exceed four hundred weeks, during dependency, which award was for the amount and in the form prescribed by subsection 16 of section 30.

The Coffee Company contend:

(1) That the injury which resulted in Mrs. McDonald's death did not arise out of and in the course of her employment; and (2) that the three children were not dependent upon their mother, because their father was alive, was under a legal obligation to support them, and, as a matter of fact, after the mother's death obtained employment in Chattanooga with a view of helping to support the children, although admittedly he had not done so for years before the mother's death, and that, as by section 30 of the act a conclusive presumption is created, that children under the age of sixteen years are wholly dependent upon the father, and, as there is a *prima-facie* presumption that children between sixteen and eighteen years of age are dependent upon the father, there was no evidence on which the award of the circuit judge could be based.

As to the first point, the cases arising under workmen's compensation laws are practically unanimous in holding that injuries received by employees while in the act of leaving, or preparing to leave, the place of employment to get lunch or refreshment, or while eating lunches on the premises, as allowed by the employer, arise out of and in the course of employment. *Terlecki* v. *Strauss*, 85 N. J. Law, 454, 89 Atl., 1023; *Rayner* v. *Furniture Co.*, 180 Mich., 168, 146 N. W., 665, L. R. A., 1916A, 22, Ann. Cas., 1916A, 386; *Clem* v. *Chalmers Motor Co.*, 178 Mich., 340, 144 N. W., 848, L. R. A., 1916A, 352; *In re Sundine*, 218 Mass., 1, 105 N. E., 433, L. R. A., 1916A, 318, and note.

In the case of *Re Sundine, supra,* it was held that an injury suffered by an employee upon stairs which were not under the employer's control, but afforded the only means of going to and from the workroom, while leaving the premises for the purpose of procuring a luncheon, arose out of and in the course of the employment within the meaning of the Workmen's Compensation Act. Appended to this case, as reported in L. R. A. 1916A, 318, is a note citing numerous English cases, all holding that injuries received during lunch hours on the premises of the employer are to be considered as incidental to and arising out of and in the course of the employment.

In the recent case of *Armstrong* v. *Redford*, [1920] A. C., 757, decided on March 26, 1920, the House of Lords held that, where a girl employed as a machinist left the work where she was employed during the dinner hour and went to n canteen on the premises for lunch, and after

finishing her dinner, and while hurrying back to work, slipped on a flight of stone steps leading from the canteen into the street, whereby she broke her ankle, this was an injury arising out of and in the course of her employment.

In Bradbury's Workmen's Compensation (3 Ed.), 523-528, a large number of cases bearing on the question as to whether injuries at meal time are accidents arising out of and in the course of employment are collected and discussed, and the following rule is deduced:

"Where an employer provides a place for his employees to eat, or directs or permits them to go to a place for that purpose, he owes to them the same duty of protection from danger there that he does at the place where such employees work."

In Harper's Workmen's Compensation, section 40, p. 83, the law is thus stated: "The following interruptions have been held proper, and not to take the workman out of the employment: Going to order lunch, and injured while still on the premises; a workman taking advantage of an opportunity afforded by the employer to eat his meals on the premises, or at the place of his work, and this regardless of whether he is paid for the time taken at meals or not. An injury to an employee on his way to lunch at the noon hour, as a general rule, arises out of the employment, and it has been held to make no difference if the accident happens off the premises of the employer, if the employee uses premises which he has a right to use, and which provide the only available way to reach the point to which he goes for lunch."

We are therefore of the opinion that under the undisputed facts the trial judge correctly held that the injury which resulted in Mrs. McDonald's death arose out of and in the course of her employment.

As to the second contention, the law is that under workmen's compensation acts dependency means reliance for support upon workmen's earnings at the time of injury or death, and not at any time thereafter. The condition of things then existing is determinative, and the courts will not consider subsequent events as affecting the right of dependents to compensation, provided they were dependent within the meaning of the act at the time of the injury or death.

In *Pryce* v. *Navigation Co.*, [1902] 1 K. B., 221, the English Court of Appeals, speaking through COLLINS, M. R., said:

"Where the deceased's earnings were the only source of support, and the widow was wholly dependent upon them at the time of the death of the husband, the condition at the time of the death governed, and not the conditions which arose afterwards."

In *Bott's Case,* 230 Mass., 152, 119 N. E., 755, it appeared that the dependent widow of a deceased employee to whom compensation had been awarded in accordance with the terms of the act during the period covered by the award married a man whose earnings were sufficient for the support of both of them. The court held that it was manifest from the facts found that the woman was no longer dependent for her support upon the payments received under the act, and said:

"The ascertainment of dependence is made as of the time of the injury to the deceased employee. It cannot be made as of any other time. . . . No provision is made by the act for inquiry into a subsequent change in her condition of dependency. She may become heiress to a fortune after his death and thus be utterly independent of the payments provided by the act. But there is no provision for an adjudication of that fact."

*Newton* v. *Rhode Island Co.* (R. I.), 105 Atl., 363, *Birmingham* v. *Westinghouse Electric Co.*, 180 App. Div., 48, 167 N. Y. Supp., 520, *In re Yeople*, 182 App. Div., 438, 169 N. Y. Supp., 584, and *Miller* v. *Riverside Storage Co.*, 189 Mich., 360, 155 N. W., 462, are in accord with the above-cited cases, and hold that under workmen's compensation acts the question of dependency is to be determined as of the date of the injury or death, unaffected by subsequent conditions. See, also, 1 Honnold on Workmen's Compensation, section 80.

The case of *State ex rel. Radisson Hotel* v. *District Court,* 143 Minn., 144, 172 N. W., 897, 4 Workmen's Compensation Law Journal, 418, is strikingly similar in its facts to the case at bar.

It there appeared that the deceased, Mrs. Meakins, was accidentally killed by falling in an elevator shaft while in the employ of the hotel company, and that she left surviving her three minor children, who were actually dependent upon her for support at the time of her death, as the father of the children had deserted his family about three

years before and had not since that time supported them.

In holding that the three children were wholly dependent upon their mother at the time of her death and were entitled to compensation under the act, the court said:

"A woman may have obtained a divorce and have been awarded the care and custody of the children on the ground of the husband's misdeeds, and his situation may be such that there is no hope of ever compelling him to contribute to the support of his children, or he may have deserted his family, as in this case. Is this statute to be so construed that, if the mother, thus left, in an effort to earn a living for herself and children, is accidentally killed while working in an employment where the Workmen's Compensation Act applies, the children should fare worse than would be the case had their father been killed under the same circumstances and the mother had previously voluntarily, without cause, deserted him and the children?"

The purpose of the Workmen's Compensation Law is to provide for the dependents of the employee who accidentally meets with injury or death in the employment, and, to accomplish the beneficent purpose intended, the law should be given a broad rather than a narrow construction.

Subsections 9, 10, 11, 12, and 13 of section 30, chapter 123, Acts of 1919, which deal with the question of compensation to be paid in death cases, all clearly recognize that dependency, as a matter of fact, may exist on the part of a husband or children upon the wife and mother, leaving

such dependency to be established by proof. The provision of section 30 which creates the conclusive presumption that children under the age of sixteen years are wholly dependent on the father means that compensation shall be paid to such children whether the father does or does not as a matter of fact support them, but it is not the law that, if in fact such children are dependent upon the mother by reason of the desertion of his family by the father, or his refusal or physical inability to support the children, such dependency cannot be shown and established by proof.

The rule invoked by the Coffee Company as to the conclusive presumption of dependency of minor children on their father would in a great many cases, including the case at bar, work grave injustice to the children and be directly at variance with the facts of the case.

It has been held in numerous cases that the legal obligation to support is not so determinative of the question of dependency as to preclude the offering of evidence to show actual dependency when such legal obligation to support has not in fact been performed, and in several states where the act, as does our act, creates a conclusive presumption, the courts have construed it, not as rendering inadmissible evidence of actual dependency, but rather as a rebuttable presumption sufficient to impose the burden of proof upon either the employer or insurance carrier. The principle underlying these holdings is that, as the legal obligation to support his family rests on the father, it will be presumed, in the ab-

sence of evidence to the contrary, that this obligation has been discharged and performed, but if in fact minor children are dependent on some one other than the father, such dependency can -be shown by the evidence, and, if shown, an award will be made in favor of such children for an injury to or death of the person, other than the father, on whom they are as a matter of fact dependent. *In re Carroll,* 65 Ind. App., 146, 116 N. E., 844; *Parson* v. *Murphy,* 101 Neb., 542, 163 N. W., 847, L. R. A., 1918F, 479; *Sweet* v. *Sherwood,* 40 R. I., 203, 100 Atl., 316; *Purdy* v. *Watts,* 91 Conn., 214, 99 Atl., 496.

Applying the above-cited authorities to the facts of this case, we hold that the three minor children of Mrs. McDonald were wholly dependent upon her at the time of her death, and the subsequent return of the father and his securing employment, as a means of helping to support the children after the mother's death, did not affect their right to compensation under the act.

It results that there is no error in the judgment of the court below, and the same is affirmed.