## OLD DOMINION STAGES v. CATES.
### No. 6213.

Circuit Court of Appeals, Sixth Circuit.
May 15, 1933.

Rehearing Denied June 29, 1933.

A. Y. Burrows, of Knoxville, Tenn., for appellant.

Sam Johnson and R. R. Kramer, both of Maryville, Tenn. (B. S. Gore, of Bristol, Tenn., Brown & Johnson, of Maryville, Tenn., and Kramer & Kramer, of Maryville, Tenn., on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Running down grade, and while approaching a curve in a well-paved but comparatively narrow highway, the driver of one of appellant's busses attempted to pass two

wagons being driven in the same direction. Just before reaching the curve in the roadway, and before the bus could regain its position on the right-hand side of the road, a head-on collision took place with an automobile driven by appellee's intestate, which automobile had suddenly appeared around the curve when it was too late to avoid an accident. While there was some conflict in the testimony, we think that the above facts are supported by substantial evidence which amply justified leaving to the jury both the question of defendant's negligence and that of decedent's contributory negligence. Compare Winn, Adm'r, v. Consolidated Coach Corp. (C. C. A.) 65 F.(2d) 256, decided at this session, in regard to the duty of one attempting to pass another vehicle upon the highway.

Prior to the recovery in this action, suit had also been instituted under the Workmen's Compensation Act of Tennessee, and a judgment had been secured whereby an allowance was made of $16 a week for 400 weeks, a gross award of $6,400. The Workmen's Compensation Act of Tennessee, chapter 123 of the Public Acts of 1919, § 14, provides that, if compensation is awarded under the act "the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee in a suit brought for the purpose, from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee." Counsel for appellant contends that recovery is barred in the present action by reason of the foregoing statutory provision and the judgment previously rendered in the suit for workman's compensation. This contention loses sight of the express provision of section 14, not above quoted, that "the injured employee may at his option either claim compensation or proceed at law against such other persons [by whose negligence he was injured] to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both." In view of this language, we see no obstacle to proceeding against both the employer and the person primarily responsible for the injury, or to prosecuting both such claims to judgment.

All that is prohibited is receipt by the employee both of compensation from his employer and also of damages from the third party. Mitchell v. Usilton, 146 Tenn. 419, 242 S. W. 648. Doubtless, if the employee accepts even a part of the award made in an action under the Workmen's Compensation Law (Pub. Acts 1919, c. 123, as amended), suit by him against the person primarily responsible will be barred [City of Nashville v. Latham, 160 Tenn. 581, 28 S.W.(2d) 46; McCreary v. Railroad, 161 Tenn. 691, 34 S. W.(2d) 210]; but in the instant case no such situation is presented. Although judgment had been entered in the suit for workman's compensation, no payments had been made or received under the award. The right still existed, therefore, to prosecute the claim for damages against the person primarily responsible, and thereafter to obtain satisfaction against one, but not against both, of the parties defendant in the two actions.

It is also contended that the court below erred in denying the amended and supplemental motion of the defendant for a new trial, which motion was based upon alleged newly discovered evidence of the perjury of one of the witnesses, and her subsequent admission to that effect. Such motions are addressed largely to the sound discretion of the trial judge. Having testified at the trial, the witness in question was confronted with contradictory statements contained in a written report which purported to be signed by her. She denied the making of the report and the signature. It is in respect of this denial that the witness is said to have perjured herself. Proof might then have been presented by the defendant to show that the report was voluntarily made and in fact signed, so that the supposed newly discovered evidence was merely cumulative of that already available; but, apart from this fact, we are of the opinion that the credibility of the witness was so seriously attacked as not to make it an abuse of discretion for the District Judge to deny a new trial sought by the defendant upon the ground stated.

We find no other error properly preserved for our consideration which, in our opinion, justifies disturbing the verdict and judgment rendered herein. The judgment is accordingly affirmed.