## F. W. WOOLWORTH CO. et al. v. SECKINGER et al.

### No. 9967.

Circuit Court of Appeals, Fifth Circuit.
Jan. 19, 1942.

John May and Harry B. Kelleher, both of New Orleans, La., for appellants.

Nicholas Masters, of New Orleans, La., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

On August 31, 1939, Mrs. Robert Seckinger sustained a fall while shopping in an F. W. Woolworth store. Alleging that the fall was caused directly and proximately by a defective condition in the floor and that she thereby sustained injuries, Mrs. Seckinger filed this action for damages, and her husband sued in the same action to recover expenses incurred and to be incurred by him in providing medical attention for his wife. Each secured a judgment upon a jury verdict. Two motions for a new trial were overruled, and this appeal was brought.

Several specifications of errors are made on appeal. Those urging the insufficiency of the evidence to sustain the verdict will not be considered. No motion was made for a directed verdict, as required by Rule 50 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in order to raise a reviewable legal question as to the sufficiency of the evidence.[1]

The remaining contentions for reversal concern (1) the admission of testimony as to the condition of the floor of the store by a witness who had not observed that condition until forty-five days subsequent to the occurrence of the accident; (2) the

---

[1] Baten et al. v. Kirby Lumber Company, 5 Cir., 103 F.2d 272.

refusal of the court below to set aside the judgment in favor of Mr. Seckinger for $1,000 when the evidence as to his damages showed only that he had incurred expenses in a·sum less than $500; and (3) the refusal of the court to grant a motion for a new trial on the ground of newly discovered evidence.

The testimony relating to the condition of the floor a month and a half after the accident occurred was evidential of its earlier condition. There is no evidence in this case that the condition of the floor had undergone any material change in the months immediately following the accident. Furthermore, the defective condition of the floor complained of as causing the injury was shown to result from wear and decay, rather than from any abnormality or unusual circumstance of a temporary nature. Where the condition is of such character that a brief lapse of time would not affect it materially, the subsequent existence of the condition may give rise to an inference that it previously existed.[2] In the case of the condition of a building, with nothing to change that condition but ordinary depreciation, a period of six weeks would effect inconsequential differences if any at all. Any intrinsic weakness in such evidence goes to its weight rather than its admissibility, and, in the absence of proof that the subsequent condition does not truly reflect the actual circumstances obtaining at the time of the accident, the inference that the latter condition does not materially differ from the earlier one has strong probative force and undoubted relevance.[3]

In regard to the award of damages to Mr. Seckinger, there is no reversible error. The complaint sought damages for expenses to be incurred as well as for expenditures already made. The proof adduced by the plaintiffs and believed by the jury established that Mrs. Seckinger sustained a permanent injury. The jury was therefore justified in awarding damages to compensate for all expenses to be incurred by reason of the future treatment of the permanent injury.

Finally, we are not convinced that the denial of the motion for a new trial constituted an abuse of discretion. One of the principal issues in the case concerned the identity of the shoes Mrs. Seckinger was wearing when the accident occurred. The evidence offered in support of the motion for a new trial likewise dealt with this issue. Construed to its best advantage for the movants, it is clear that this was corroborative of earlier witnesses and designed to impeach the testimony of the plaintiffs. It is well settled that motions for a new trial on the ground of newly discovered evidence must do more than merely seek to relitigate old issues, and cannot be allowed where the new evidence is merely for the purpose of corroboration or impeachment.[4]

The judgment is affirmed.

---

[2] 22 C.J. 86, 92; Liverpool, etc., Ins. Co. v. Nebraska Storage Warehouses, 8 Cir., 96 F.2d 30; Wigmore, Evidence, 3rd Ed., § 437.

[3] Western Union Tel. Co. v. Thorn, 3 Cir., 64 F. 287; Hall v. City of Austin, 73 Minn. 134, 75 N.W. 1121.

[4] Old Dominion Stages v. Cates, 6 Cir., 65 F.2d 258; Slappey v. United States, 5 Cir., 110 F.2d 528; Weiss v. United States, 5 Cir., 120 F.2d 472.