**KAYLOR v. MAGILL et al.**

No. 10975.

United States Court of Appeals
Sixth Circuit.

April 3, 1950.

J. F. Wheless, Chattanooga, Tenn., J. F. Wheless and W. R. Ferguson, Chattanooga, Tenn., on the brief, for appellant.

Sam McAllester, Chattanooga, Tenn., McAllester & McAllester, Chattanooga, Tenn., on the brief, for appellees E. A. Magill and Magill Bros.

Charles Goins, Chattanooga, Tenn., Goins & Gammon, Charles D. Goins, Chattanooga, Tenn., on the brief, for appellees Jos. C. Cobble and Geo. B. Muse.

Before SIMONS, ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The principal question presented in this appeal is whether under Tennessee law a

landlord who leases to a manufacturing company premises in a defective condition can by contract with the lessee absolve itself of liability to the lessee's employee injured by reason of the condition of the premises.

Appellees E. A. Magill and William L. Magill doing business as Magill Brothers (hereinafter called the landlord) are the owners of the premises in question, a two-story brick building located in Chattanooga, Tennessee, which on June 6, 1944 they leased for mill purposes to appellee Cobble-Muse Hosiery Mills (hereinafter called the employer). Under the contract possession was to be taken in July, 1944.

Appellant, a pieceworker, was employed as a knitter on the second floor of the building. The employer had arranged to have a cafeteria operated by a third party on the first floor of the building, under a contract by which free rent, power and lights, and all profits, were given to the cafeteria operator. It is conceded that appellant had permission to use the back stairs for the purpose of reaching the cafeteria. About 3:15 p. m. on April 30, 1945, a short time before she was to begin her work, she started down the steps from the second floor to get some refreshments. She was unfamiliar with the stairway, having been down it only once during some eight months. She slipped on a loose step about the third from the top, was precipitated to the bottom of the stairs, and seriously injured. Her testimony to the effect that one of the steps was loose was corroborated by a disinterested witness who took pictures of the steps in October, 1945. The building inspector of the city of Chattanooga testified from examination of the photographs that the stairs were in an unsafe and defective condition and that a number of steps both at the top and bottom were "badly worn." He said that the decay appeared to be of long standing; that it appeared that some of the risers had been eaten by termites; that the handrails were too wide to be easily grasped; and that in his opinion these conditions had existed in July, 1944. He stated that the handrail was not safe, that the stairway had "deteriorated to the extent it is dangerous," and that no doubt it was in the same condition in July, 1944.

The complaint, which joined the employer and the landlord as defendants, alleged that the treads of the stairway were badly worn, rickety and loose; that the handrails were not of proper width, and that the defendants knew or should have known of these conditions.

Appellant applied for compensation under the Workmen's Compensation Law of Tennessee, Code, § 6851 et seq., which was denied by the workmen's compensation insurance carrier on the ground that the injury was not sustained in the course of employment. Appellant then filed suit in the state court, which is still pending. The employer herein made a motion for summary judgment on the ground that the action was pending in the state court. The court held that the accident was sustained in the course of employment; that under § 6859 of the Tennessee Code the rights and remedies granted by the Workmen's Compensation Law were exclusive, and therefore gave judgment for the employer, but left the case pending against the landlord. The case proceeded to hearing against the landlord and the District Court sustained a motion for directed verdict and dismissed the case. The appeal attacks the holding of the court with reference to the liability both of the employer and of the landlord.

The District Court dismissed the action against the employer on the ground that the accident arose out of and in the course of the employment, was compensable under the Workmen's Compensation Law, and that the right to recover against the employer for negligence causing the injury, together with other common law rights against the employer, is specifically excluded. Section 6859, Tennessee Code.

While certain earlier cases deny workmen's compensation in situations superficially similar to that presented here, the Supreme Court of Tennessee in Johnson Coffee Co. v. McDonald, 143 Tenn. 505, 226 S.W. 215, has ruled an accident of this general nature occurring on the employer's premises to be compensable, upon

the ground that where an employer provides a place for his employees to eat, or directs or permits them to go to a place for that purpose, he owes to them the same duty of protection from danger there that he does at the place where such employees work. Cf. Kingsport Silk Mills v. Cox, 161 Tenn. 470, 33 S.W.2d 90.

We think that under the applicable state decisions the District Court correctly ruled that the accident arose out of and in the course of the employment. Hence the provisions of § 6859 control and the case against the employer was rightfully dismissed.

■ As to the direction of a verdict in favor of the landlord, a more doubtful question is presented. The Workmen's Compensation Law is remedial, required to be given "an equitable construction by the courts to the end that the objects and purposes of this chapter may be realized and attained." Section 6901, Tennessee Code. The fact that appellant has an action pending in the state court is immaterial, for she is not at present compelled to elect which remedy she will pursue. Old Dominion Stages v. Cates, 6 Cir., 65 F.2d 258.

■ Appellant contends that the evidence establishes that the landlord leased the building with the steps in a dangerous condition, and that under Tennessee law it is liable for an injury suffered by a third party, invitee of the tenant. She contends that the court wrongly ruled that the building code of the city of Chattanooga did not apply to the structure in question, and that the landlord's plain violation of the Code constituted negligence *per se*. Since it appears, however, that the building code was enacted a number of years after the steps in question were constructed, we think that the District Court did not err in its ruling upon this point.

■ Viewing the testimony in the light most favorable to the appellant, as is required under motion for directed verdict, we think there is sufficient evidence as to the existence of a dangerous and defective condition of risers, handrails and floor boards of the stairs at the time of the accident to make a question for the jury. This evidence is presented in the photographs and in the testimony of appellant and of a disinterested witness who personally examined the steps. The building inspector, whose qualifications are not questioned, stated positively that in his opinion the building was in the same condition at the time of its being leased, July 6, 1944, as on the date of the accident. This also presented a question for the jury. The trial court recognized this circumstance, for in discussing its ruling of directed verdict, it said that the plaintiff presented proof "that would raise the inference that the steps were in a dangerous condition at the time when leased."

■ Under the circumstances the general rule of Willcox v. Hines, 100 Tenn. 524, 45 S.W. 781, 66 Am.St.Rep. 761 is applicable as to the landlord. The lease of premises in an unsafe and dangerous condition renders the landlord liable, Willcox v. Hines, supra, cited with approval in Manes v. Hines & McNair Hotels, Inc., 1946, 184 Tenn. 210, 197 S.W.2d 889, to a third party injured thereby, if the landlord knew, or should have known, of the dangerous condition. Stenberg v. Willcox, 96 Tenn. 163, 33 S.W. 917, 34 L.R.A. 615.

This liability extends to guests of the tenant, Stenberg v. Willcox, supra, and to members of the tenant's family, Willcox v. Hines, supra. It is applied in each of these cases to a private business, namely, a boarding-house, and by analogy it is rightly extended to an employee of the tenant who, like the guest, is an invitee. The phrase "ruinous condition" found in Haire v. American Trust & Banking Co., 19 Tenn. App. 656, 94 S.W.2d 59, is not found in the Willcox and Stenberg cases except in a quotation from a textbook which generally supported the ruling in the Stenberg case. The holding of the court in that case, 96 Tenn. at page 164, 33 S.W. at page 917, 34 L.R.A. 615, is, " * * * if plaintiffs can recover at all in this case, it must be upon the ground that the landlord leased premises in a dangerous and unsafe condition, when he knew, or might, by the exercise of reasonable diligence and care, have known, of such unsafe condi-

tion, and upon the further ground that plaintiff did not know of such unsafe condition, and could not have known of it by the exercise of reasonable diligence and care * * *." The District Court herein cited the Haire case and concluded that in order to recover appellant would have to prove that the steps were in a ruinous condition; but under the authority of the cases cited from the Tennessee court of last resort, appellant is compelled only to prove that the steps were in an unsafe and dangerous condition. This was a question for the jury.

The District Court held that appellant could not recover against the lessor of the premises (the landlord) on the ground that the lease had expressly absolved the lessor of liability. The lease contained the following clause: "It is expressly acknowledged that the lessors do not warrant the condition of the premises in any respect. All repairs necessary to make said premises safe or suitable for use by the lessees shall be made by the lessees at their own expense, except that the lessors agree to make, during the term of the lease, at their own expense, any necessary repairs covering damage to the roof, window frames and floors not caused by the neglect or abuse of the lessees."

The District Court held that a directed verdict in favor of the landlord was necessitated by the decision in Beaman v. Grooms, 138 Tenn. 320, 197 S.W. 1090, L.R.A.1918B, 305. This case is clearly not in point. There the lessor leased a large tract of real property with a pond or lake upon it. The lessor had never used the pond for bathing purposes, but the lessee began to develop it for that use. The lessor then made a contract with the lessee that the lessee should make such improvements as would render the place safe for that specific purpose. A guard-rope put up in the pond by the lessee was detached from the posts upon which it was stretched, and because of this condition a man was drowned. It was held that the lessor was not liable. There the lessor did not hand over the premises in a defective condition, whereas the evidence in the record tends to show that the building in the instant case was leased with the stairs in the defective condition existing at the time of the accident. The Beaman case holds that the landlord may, by contract, exonerate himself from liability for future acts of the tenant, but it does not hold that the landlord may, by contract, exonerate himself from liability for his present violation of the obligation of ordinary care.

▮ Under Tennessee law a party can not by contract absolve himself from liability for his own negligence. Memphis & Charleston Rd. Co. v. Jones, 39 Tenn. 517. This principle, as well as those laid down in Willcox v. Hines and Stenberg v. Willcox, supra, requires reversal and submission to the jury of the case against the landlord.

The judgment in favor of the landlord is reversed. In other respects the judgment is affirmed, and the case is remanded to the District Court for further proceedings in accordance with this opinion.