**KELLOGG COMPANY, fub CNA Insurance Company, Appellees,**

v.

**SANITORS, INC., Appellant.**

Supreme Court of Tennessee.

June 18, 1973.

Hunter K. Cochran, Jr., Memphis, for appellant; Cochran, Carey, Fleischer & Mullikin, Memphis, of counsel.

Leo Bearman, Sr., Leo Bearman, Jr., Memphis, for appellees.

OPINION

DYER, Chief Justice.

This cause comes to this Court under a stipulation of facts presenting the issue of whether under a contract of indemnity the indemnitee (Kellogg) is entitled to be indemnified by the indemnifier (Sanitors) even though the loss be caused by the negligence of the indemnitee.

Kellogg and Sanitors entered into a contract whereby Sanitors was to furnish janitorial, maintenance and maid service at one of Kellogg's plants. This contract contained the following indemnity clause,

the word "contractor" therein referring to Sanitors, and the word "purchaser" therein referring to Kellogg:

INDEMNITY: Contractor shall indemnify and save Purchaser harmless from and against all losses or damages, and all claims, demands, suits, actions, payments and judgments, including attorney's fees, arising from personal injuries (including death), losses or damages to property, or otherwise, brought or recovered against Purchaser by reason of any act or omission of Contractor (or any of his subcontractors) in the execution or guarding of the work, or by reason of any liens, claims, demands and debts for all labor performed and for all equipment and materials furnished under this Contract.

Contractor shall be responsible for the conduct and safety of his employees and his sub-contractors and the employees thereof in the performance of the work hereunder and while on the premises of the Purchaser, and the Contractor agrees that he will hold the Purchaser and his officers and employees harmless and indemnify them from and against any and all claims of any of such employees for personal injuries suffered by any of such employees in the perfomance of such work or while on the premises of the Purchaser.

James Oldham, an employee of Sanitors, was on the premises of Kellogg carrying out the provisions of the contract between Kellogg and Sanitors when he received personal injuries due to the negligence of Kellogg. As a result, in a suit settled out of court, Kellogg through its liability insurance carrier, paid Oldham the sum of $4,037.48. In the case sub judice brought by Kellogg against Sanitors to recover this sum, plus attorneys' fees, under the indemnity clause of the contract, the trial judge held Kellogg was entitled to recover from Sanitors.

In Kroger Co. v. Giem, 215 Tenn. 459, 387 S.W.2d 620 (1964), we held it was not against public policy to contract to be indemnified against one's own negligence but such a provision in indemnification contracts would have to be expressly clear and in unequivocal terms. In the *Kroger* case we approved the quote from Buckeye Cotton Oil Co. v. Lousiville & Nashville R. R., 6 Cir., 24 F.2d 347, as follows:

There was no rule of public policy which forbade the railroad company from contracting with the oil company for indemnity against any damages which the railroad might be required to pay as the result of the ordinary negligence of its employees in operating engines and cars on these tracks. * * * It is said, however, and rightly so, that a contract will not be so construed, unless it was clearly intended to have that effect. This, of course, does not mean that the intention must be expressed in terms, but that, if not so expressed, it must otherwise clearly appear in the language used.

In this opinion for the sake of clarity, we have divided the indemnity section of this contract into two paragraphs.

Under the first paragraph Sanitors is to indemnify Kellogg from any claims against Kellogg arising by reason of any act or omission by Sanitors. The personal injuries suffered by Oldham as an employee of Sanitors were not caused by any act or omission on the part of Sanitors, and this paragraph has no application to the facts of this case. In short, this paragraph requires Sanitors to indemnify Kellogg for any claims resulting from Sanitors' negligence.

In the second paragraph, as copied herein, Sanitors further agreed to be responsible for the safety of its employees while performing their work at Kellogg which is what Oldham was doing when injured. Sanitors also agreed to indemnify Kellogg against "any and all claims" suffered by an

employee of Sanitors in performance of its work.

Under the construction of this indemnity agreement urged by Sanitors, that Sanitors agreed to indemnification only for claims against Kellogg resulting from the negligence of Sanitors, then the second paragraph would have no meaning as such right of indemnification is clearly spelled out in the first paragraph. Sanitors cites the following in its brief from 41 Am.Jur.2d Indemnity § 13:

A contract of indemnity purporting or claimed to relieve one from the consequences of his failure to exercise ordinary care must be strictly construed. Accordingly, it is frequently stated as the general rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, *or unless no other meaning can be ascribed to it.* Mere general, broad, and seemingly all inclusive language in the indemnifying agreement has been said not to be sufficient to impose liability for the indemnitee's own negligence. (Emphasis supplied).

The italicized portion of the above quote from Am.Jur.2d is decisive of this case. In light of the entire indemnification section of the agreement, if this second paragraph is to have any meaning at all it would have to apply to claims against Kellogg by employees of Sanitors, whether the claim resulted from the negligence of Kellogg or not. Sanitors does agree to be responsible for the safety of its employees and to hold Kellogg harmless from "any and all" claims of its employees.

The judgment of the lower court is affirmed.

CHATTIN, HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.