DONE and entered nunc pro tunc June 15, 1970, this 11 day of December, 1970.

Grady H. LEWIS, Plaintiff,

v.

SEABOARD COAST LINE RAILROAD COMPANY et al., etc., Defendants.

No. CIV-2-75-41.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 25, 1975.

Leon W. Davis, Jr., Chattanooga, Tenn., for plaintiff.

Harry W. Lawrence, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity civil action for damages arising out of a collision between the defendants' train and the plaintiff's automobile upon a railroad grade crossing across property owned by the plaintiff. 28 U.S.C. §§ 1332(a)(1), (c). The defendants moved to dismiss the action for the failure of the plaintiff to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

█ The defendants claim that the plaintiff Mr. Lewis contracted away in advance, any future claim for damages in an agreement of March 31, 1967 between the plaintiff and his mother Mrs. Myrtle Lewis and the defendant Clinchfield Railroad Company.[1] Since matters outside the pleadings are presented to and not excluded by the Court, the motion will be treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure. Rule 12(b), *supra*.

If the aforementioned agreement is valid, the plaintiff Mr. Lewis has no claim against the defendant Clinchfield, since he and Mrs. Lewis agreed, *inter alia*, that:

\* \* \* \* \* \*

[T]hey, and each of them, shall indemnify and save harmless the Railroad from and against any and all claims, demands, judgments or other sums accruing to any person or persons due to any injury to or the death of any such person or persons, including employees of the Railroad, or due to any damage to or the destruction of the property of any such person or persons, including property of and property in the custody or possession of [Mr. Grady Lewis and Mrs. Myrtle Lewis] and/or of the Railroad, which injury, death damage or destruction in any way arises out of the use or maintenance of [a private road owned by Mr. Lewis and/or a crossing thereon].

\* \* \* \* \* \*

Initially, the plaintiff contends that the agreement is inoperative because there was no consideration to support it in the following respects: (1) no consideration of $1.00 was paid by any of the parties to the other; (2) the defendants failed its obligation to install a gate and to furnish the plaintiff a key thereto; (3) the plaintiff was not leasing the property to his mother Mrs. Myrtle Lewis as stated in the agreement; (4) the railroad had no interest in the private road and no authority to require the plaintiff to maintain it, since the railroad's only proprietary interest was at a point where its right-of-way crossed the private roadway; and (5) the plaintiff and his mother already had the right to cross the railroad tracks and could gain nothing from a license so to do as purported in the agreement.

█ Regardless of the validity of the foregoing contentions, a careful reading of the agreement discloses mutual benefits and obligations therein. Thereunder, the railroad obligated itself to install a gate and lock at the aforementioned crossing and to furnish a key thereto to each of the other parties to the contract. In return Mr. Lewis and his mother agreed to indemnify the

---

1. The defendants Seaboard Coast Line Railroad Company and Louisville and Nashville Railroad Company are alleged to be doing business as Clinchfield Railroad Company.

railroad as aforesaid. Whether the railroad breached its contract and failed to install a gate and lock is unclear, but this does not alter the fact that it was obligated so to do under the agreement.[2] Therefore, the Court concludes that there was sufficient consideration to support this contract.

Finally, the plaintiff contends that the agreement must be declared void as against public policy, in that a party may not by contract absolve himself from future liability for his own negligence. This contention, likewise, lacks merit. Although there are earlier cases which appear to so held, see e.g., *Kaylor v. Magill*, C.A. 6th (1950), 181 F.2d 179, 182[6], and *Cart v. Coal Creek Mining & Manufacturing Company*, D.C.Tenn. (1957), 153 F.Supp. 330, 336[9], (citing and relying on *Kaylor v. Magill*, supra ), the more recent cases reach a different result.

\* \* \* \* \* \*

In its most recent pronouncement on the subject, the Supreme Court of Tennessee has stated that there is no rule of public policy prohibiting the indemnitee from contracting for indemnification on account of its own acts of negligence but that a contract will not be so construed unless it was clearly intended to have that effect. *Kellogg v. Sanitors, Inc.*, 496 S.W.2d 472 (Tenn.1973). The court quoted with approval the following statement of the rule from 41 Am.Jur.2d, Indemnity, Sec. 13:

A contract of indemnity purporting or claimed to relieve one from the consequences of his failure to exercise ordinary care must be strictly construed. Accordingly, it is frequently stated as the general rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, *or unless no other meaning can be ascribed to it.*

Mere general, broad, and seemingly all inclusive language in the indemnifying agreement has been said not to be sufficient to impose liability for the indemnitee's own negligence. (Emphasis supplied by Tennessee court). 496 S.W.2d at 474.

\* \* \* \* \* \*

*Jones Truck Lines, Inc. v. Ryder Truck Lines, Inc.*, C.A. 6th (1974), 507 F.2d 100, 103; see also *Kroger Co. v. Giem* (1964), 215 Tenn. 459, 387 S.W.2d 620, 626.

Therefore, the Court concludes that the agreement of March 31, 1967 is valid and enforceable. For failure of the plaintiff to state a claim on which relief can be granted; the pleadings and exhibits on file showing that there is no genuine issue as to any material fact extant between the parties; and that the defendants are entitled to a judgment as a matter of law, it hereby is

ORDERED that summary judgment enter for the defendants that the plaintiff take nothing and is denied all relief herein. Rules 56(c), 58(1), Federal Rules of Civil Procedure.

---

2. In this regard, if Mr. Lewis or his mother was dissatisfied with the contract or with the performance, or lack thereof, by the railroad, it is significant to note that the contract provided, in part: " \* \* \* This agreement may be terminated at any time by either party's giving the other thirty (30) days' notice in writing. \* \* \*"