Bernard WAJTASIAK, Appellee,

v.

MORGAN COUNTY, Tennessee, Appellant.

Court of Appeals of Tennessee, Eastern Section.

Jan. 21, 1982.

Permission to Appeal Denied by Supreme Court May 17, 1982.

Tyree B. Harris of Dodson, Harris, Robinson & Aden, Nashville, for appellant.

J. Polk Cooley and Frank V. Williams, III, of Cooley, Simmons & Williams, Rockwood, for appellee.

## OPINION

PARROTT, Presiding Judge.

In this suit for declaratory judgment, defendant, Morgan County, appeals from the trial court's ruling that defendant is contractually obligated to indemnify plaintiff for damages that plaintiff may be liable for due to negligence on his part resulting in an automobile accident on a portion of a rural road being reconstructed by Morgan County at the direction of the Tennessee Department of Transportation.

On April 11, 1975, a State Department of Transportation form contract was prepared whereby Morgan County would do the necessary resurfacing and shoulder repairs on a portion of a rural road in Morgan County for which it would be paid by the State of Tennessee. The agreement was signed by the appropriate State Department of Transportation authorities and attested to by J.C. McCartt, Morgan County Judge. No other Morgan County officials signed the document. Morgan County performed all the work required under this agreement and was fully paid by the State for its services.

This action arises as a consequence of another circuit court action, *Atkins v. Morgan County, et al.*, which was filed by a driver who was severely injured when his vehicle left that roadway after striking an unmarked dip therein caused by the county's construction work. All defendants in that suit were dismissed except Wajtasiak, who was the Regional Roads Supervisor, including Morgan County, for the Tennessee Department of Transportation at the time the construction work was performed. Atkins alleges Wajtasiak was negligent in ordering and allowing the county to do roadwork under his supervision that it was ill-equipped and incapable of properly performing and negligent in not requiring the proper placement of "dip" warning signs.

Wajtasiak brought this action seeking to have Morgan County defend and indemnify him in the *Atkins* suit pursuant to the construction agreement entered between Morgan County and the State Department of Transportation. The pertinent provision of the agreement provides:

ARTICLE VII—It is further agreed that the County shall, in accordance with the General Provisions of the State Standard Specifications, assume all responsibility for, and save the State harmless from any suits, actions or claims of any character, brought for or on account of any injuries or damages received or sustained by any person, persons, or property growing out of any action or actions of the County in the conduct of the work or by the neglect of the County in safeguarding the construction.

The "Tennessee Department of Highways Nashville, Standard Specifications for Road and Bridge Construction," which is incorporated by reference, provides in part:

Section 107.14.

In addition to the specific legal responsibility set forth in Subsections 107.01 through 107.12, the Contractor is charged with other broad legal responsibilities under these Specifications. These responsibilities include but are not limited to the various areas as follows:

. . . .

(d) To hold harmless and defend against all claims of whatever nature arising out of the Work, the State, any political subdivision thereof, and all employees of the State, Federal Government, and any railroad involved. This responsibility generally extends to innocent third parties.

The chancellor held that Morgan County and the Tennessee Department of Transportation had executed a contract for rural road improvements. The chancellor further held that the contract, which incorporated the State "Standards and Specifications," required the county to indemnify all persons enumerated in the specifications, including state employees, for all liability resulting from the construction work.

■ Appellant argues the contract was not properly executed because it was not signed by the Morgan County Road Commission. However we hold there was a valid executed contract for the reasons set forth by the chancellor. The contract was signed by J. D. McCartt, the County Judge and therefore an ex officio member of the Morgan County Road Commission. The record indicates the County Judge signed with the approval of the rest of the Road Commission and that it was normal procedure for only Judge McCartt to sign for Morgan County. Furthermore, both the State and Morgan County relied on and performed all the work requirements of the agreement and proper payment was made. Finally, as the chancellor noted, the county admitted the validity of the contract in its answer in circuit court.

■ We do not agree with appellant's contention that the indemnity provisions of the contract do not extend to cover employees of the State. Clearly the language in the State "Standards and Specifications"

provisions, which were incorporated by reference into the contract, covers "all employees of the State . . . ."

■ Appellant's final contention is that these indemnity provisions do not extend to damages resulting from acts of negligence by the indemnitee-plaintiff. In *Kroger Company v. Geim*, 215 Tenn. 459, 387 S.W.2d 620 (1964), the Tennessee Supreme Court agreed "that it is nearly a universal rule that there can be no recovery where there was concurrent negligence of both indemnitor and indemnitee unless the indemnity contract provides for indemnification in such case by 'clear and unequivocal terms,' and general words will not be read as expressing such an intent." Relying on the *Kroger Co.* case, the Court of Appeals in *First American National Bank v. Tennessee Gas Transmission Co.*, 58 Tenn.App. 189, 428 S.W.2d 35 (1967), held that indemnitor's contract language, whereby it agreed to "assume the defense of . . . all claims of any kind," was too general to include damages from negligent acts of the indemnitee. Again, in *Kellogg Company v. Sanitors, Inc.*, 496 S.W.2d 472 (Tenn.1973), the Tennessee Supreme Court cited 41 Am.Jur.2d *Indemnity* § 13 as authority:

A contract of indemnity purporting or claimed to relieve one from the consequences of his failure to exercise ordinary care must be strictly construed. Accordingly, it is frequently stated as the general rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it. Mere general, broad, and seemingly all inclusive language in the indemnifying agreement has been said not to be sufficient to impose liability for the indemnitee's own negligence.

As other courts have often noted, if negligent acts of the indemnitee are intended to be included in the coverage, it would only take a few seconds for the attorneys to use appropriate express language such as "including indemnitees' acts of negligence."

Appellee relies on *Kellogg Co. v. Sanitors, Inc.*, supra, which held the indemnity agree-

ment sufficiently broad to include the negligence of the indemnitee. *Kellogg v. Sanitors* is distinguishable. In that case—arising because of an injury to an employee of Sanitors—Sanitors had entered into a contract with Kellogg to furnish janitoral service. The contract contains an indemnity feature which was two-fold. Sanitors first indemnified Kellogg against losses resulting from acts of omission by Sanitors or any of its sub-contractors. Second, it indemnified Kellogg against all claims by Sanitors' employees or the employees of subcontractors. Relying upon the quotation from American Jurisprudence, Second, set out in the majority opinion, the Supreme Court held that the second feature to have any meaning at all would have to include any negligence of Kellogg which caused or contributed to an injury to an employee of Sanitors.

Applying the above rules to the indemnity provisions in this contract, we cannot see any intent, express or implied, to indemnify the State or its employees against their acts of negligence. Therefore, we hold the chancellor erred in requiring Morgan County to defend and indemnify Wajtasiak in the *Atkins* lawsuit.

Let this action be dismissed with costs being equally divided between Wajtasiak and Morgan County.

GODDARD and FRANKS, JJ., concur.