# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 4, 2000 Session

## HMC TECHNOLOGIES CORP. a/k/a HMC TECHNOLOGIES, INC. v. SIEBE, INC. - ROBERTSHAW TENNESSEE DIVISION

**Appeal from the Chancery Court for Knox County**
**No. 144268-3      Sharon Bell, Chancellor**

**<u>FILED NOVEMBER 27, 2000</u>**

**No. E2000-01093-COA-R3-CV**

---

In this declaratory judgment action, the plaintiff, HMC Technologies Corp. a/k/a HMC Technologies, Inc. ("HMC"), sued to enforce an indemnification provision contained in a proposal submitted to, and accepted by, the defendant, Siebe, Inc. - Robertshaw Tennessee Division ("Robertshaw"). Both parties moved for summary judgment. The trial court entered judgment in favor of HMC. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Arthur G. Seymour, Jr., and James E. Wagner, Knoxville, Tennessee, for the appellant, Siebe, Inc. - Robertshaw Tennessee Division.

Jay Arthur Garrison, Knoxville, Tennessee, for the appellee, HMC Technologies Corporation, a/k/a HMC Technologies, Inc.

## OPINION

### I.

The following facts are not in dispute. On April 19, 1996, HMC submitted a detailed seven-page proposal to Robertshaw to rebuild a piece of Robertshaw's equipment known as the Kingsbury machine. The proposal includes the following within a two-paragraph provision headed "Operator Safety and Guarding":

It is expected that Robertshaw Tennessee will hold HMC Technologies harmless to any claim of injury due to either the normal operation or the misuse of the proposed machinery.

The seven-page proposal also includes a number of other provisions under the following headings: Price, Proposal Revisions, Delivery, Overview, Features, Design Considerations, Documentation, Equipment and Process Development, Component Identification and Placarding, Finish, Acceptance Testing, Installation Assistance, Environmental, Health and Safety Considerations, Warranty, Payment Terms, Term, and Freight. The proposal was not signed by Robertshaw; however, the record is clear that Robertshaw did not expressly object to any of its terms. Furthermore, the record is likewise clear that HMC performed the work on the Kingsbury machine and was compensated by Robertshaw, all pursuant to the HMC proposal.

In August, 1997, one of Robertshaw's employees, Larry Bacon, was injured while operating the Kingsbury machine. Bacon filed a products liability action against HMC, who, in turn, notified Robertshaw that it intended to tender the defense of this action to Robertshaw pursuant to the indemnification provision contained in the proposal. When Robertshaw refused to defend Bacon's action, HMC brought this declaratory judgment action.

## II.

We review the trial court's grant of summary judgment against the standard of Tenn. R. Civ. P. 56.04, which provides, in pertinent part, as follows:

> the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Because our inquiry involves a question of law, there is no presumption of correctness as to the trial court's judgment. *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). In making our determination, we must view the evidence in a light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993). Summary judgment is appropriate only if no genuine issues of material fact exist and if the undisputed facts entitle the moving party to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd,* 847 S.W.2d at 211.

## III.

Under Tennessee law, a party may contract to be indemnified against its own acts of negligence; however, such contracts are strictly construed. *See Kellogg Co. v. Sanitors, Inc.,* 496 S.W.2d 472, 473, 474 (Tenn. 1973). "[A] contract of indemnity will not be construed to indemnify

the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it." *Id.* at 474 (quoting 41 Am. Jur. 2d *Indemnity* § 13). "Mere general, broad, and seemingly all inclusive language" is not sufficient to impose liability for the negligence of the indemnitee. *Wajtasiak v. Morgan County,* 633 S.W.2d 488, 490 (Tenn. Ct. App. 1982); *see also First American Nat'l Bank v. Tennessee Gas Transmission Co.,* 58 Tenn. App. 189, 199, 428 S.W.2d 35, 39 (1967) (holding indemnity provision too general to include indemnity for indemnitee's negligent acts or omissions).

In *Wajtasiak*, a declaratory judgment action, this Court was asked to decide whether the defendant Morgan County was "contractually obligated to indemnify plaintiff for damages that plaintiff may be liable for due to negligence on his part resulting in an automobile accident on a portion of a rural road being reconstructed by Morgan County at the direction of the Tennessee Department of Transportation." *Id*. at 489. The plaintiff in *Wajtasiak* -- an employee of the Tennessee Department of Transportation -- had been sued by an individual who was injured in a motor vehicle accident, allegedly caused by the negligence of the state employee. *Id*. In the declaratory judgment action against Morgan County, the plaintiff relied upon the following provision in the pertinent construction agreement between Morgan County and the State Department of Transportation:

> It is further agreed that the County shall, in accordance with the General Provisions of the State Standard Specifications, assume all responsibility for, and save the State harmless from any suits, actions or claims of any character, brought for or on account of any injuries or damages received or sustained by any person, persons, or property growing out of any action or actions of the County in the conduct of the work or by the neglect of the County in safeguarding the construction.

*Id*. The subject agreement incorporated by reference the aforesaid specifications, including one imposing the following obligation upon Morgan County:

> To hold harmless and defend against all claims of whatever nature arising out of the Work, the State, any political subdivision thereof, and all employees of the State, Federal Government, and any railroad involved. This responsibility generally extends to innocent third parties.

*Id*. At 490.

This Court held in *Wajtasiak* that the subject indemnity provisions did not "indemnify the State or its employees against their acts of negligence." *Id*. At 491. Finding the language in question to be too broadly written, we stated the following:

As other courts have often noted, if negligent acts of the indemnitee are intended to be included in the coverage, it would only take a few seconds for the attorneys to use appropriate express language such as "including indemnitees' acts of negligence."

*Id*. At 490.

The indemnification provision in the HMC proposal states that HMC expects Robertshaw to hold HMC harmless "to any claim of injury due to either the normal operation or the misuse of the proposed machinery." This language is "general, broad, and seemingly all inclusive." *See Wajtasiak,* 633 S.W.2d at 490. It does not "express[] in clear and unequivocal terms" an intent to require Robertshaw to indemnify HMC *against HMC's own culpable conduct. See Kellogg,* 496 S.W.2d at 474. HMC argues the provision nevertheless requires such indemnification because no other meaning can be ascribed to it. We disagree. We find the language to be susceptible to more than one meaning. Indeed, the language can fairly be interpreted as covering claims arising from the culpable conduct of Robertshaw. In sum, the provision does not evidence a clear intent, either express or implied, to require Robertshaw to indemnify HMC *against its own conduct*. Based on the undisputed material facts, Robertshaw is entitled to summary judgment.

IV.

The judgment of the trial court is reversed. This case is remanded for the entry of an appropriate order consistent with this opinion and for the collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellee.

_____
CHARLES D. SUSANO, JR., JUDGE