DONALD SORRENTINO *et al.*, Plaintiffs, *v.* WACO SCAFFOLDING & SHORING CO., INC., *et al.*, Defendants.—(WACO SCAFFOLDING & SHORING CO., INC., Third-Party Plaintiff-Appellant, *v.* R. B. HAYWARD & CO., Third-Party Defendant-Appellee.)

First District (2nd Division)    Nos. 62258, 62345 cons.

Opinion filed December 28, 1976.

O'Brien, Redding & Hyde, of Chicago (Donald J. O'Brien, Jr., Richard M. O'Brien, Dom J. Rizzi, and Michael W. Rathsack, of counsel), for appellant.

Timothy J. Gillick, of Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Waco Scaffolding & Shoring Co., Inc. (Waco), brought a third-party action to obtain indemnity from R. B. Hayward & Co. (Hayward). After finding that the underlying litigation was based on strict liability and that Waco had failed to state a cause of action, the trial court dismissed the third-party complaint. Waco now appeals raising the following issues for our review: (1) whether a written contractual obligation of indemnity is vitiated because the indemnitee is sued by the injured plaintiff on the theory of strict liability; (2) whether the indemnitee's negligence is an issue in a contractual indemnity action where the indemnitee is sued by the plaintiff on the theory of strict liability; and (3) whether section 1 of

"An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1973, ch. 29, par. 61) applies to equipment leasing contracts.[1]

Donald and Susan Sorrentino, plaintiffs in the underlying suit, filed a complaint against defendants Waco, Hayward, and several others not involved in the appeal. Relevant to our review, count I of the complaint alleged that Donald Sorrentino sustained injuries while working on a scaffold leased by Waco to Sorrentino's employer, Hayward; and that when Waco manufactured the scaffold, it was defective, unsafe, and unreasonably dangerous for its intended use. Count II alleged Susan Sorrentino's loss of consortium.

Waco then filed a third-party complaint against Hayward seeking indemnity for any judgment which might be entered against Waco as a result of the Sorrentino claim. The third-party complaint alleged that Waco leased scaffolding to Hayward under a lease agreement, which provided that Hayward would indemnify Waco for any claim arising out of its use of the equipment. In part the agreement provided:

> "2. The LESSEE shall at all times and at his own expense keep the leased equipment in good, safe and efficient working order, repair and condition and shall not permit anyone to injure, deface or remove it or any part thereof. LESSEE agrees to erect, maintain and use said equipment in a safe and proper manner and in conformity with all laws and ordinances pertaining thereto and in accordance with COMPANY safety rules and regulations. The COMPANY shall have no responsibility, direction, or control over the manner of erection, maintenance, use or operation of said equipment by the LESSEE. The LESSEE assumes all responsibility for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment, and agrees to hold the COMPANY harmless from all such claims. LESSEE agrees that use of the leased equipment shall be construed as an absolute acknowledgment by LESSEE that when delivered to LESSEE by COMPANY the equipment was in good order and repair, was properly erected and was in all respects adequate, sufficient and proper for the purposes for which it was intended."

Hayward filed a motion to dismiss the third-party complaint, alleging that the indemnity agreement was void pursuant to section 1 of "An Act in

---

[1] Section 1 (Ill. Rev. Stat. 1973, ch. 29, par. 61) reads:
"With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."

relation to indemnity in certain contracts" (Ill. Rev. Stat. 1973, ch. 29, par. 61) because it attempted to create a right of indemnity for Waco's negligence; that the indemnity agreement was insufficient to indemnify Waco against its own negligence; and that in the event that the Sorrentino claim was construed as sounding in strict liability, the third-party complaint failed to state a cause of action. The motion was granted.

The trial court's order held that Waco's third-party complaint did not state a cause of action; and that since Waco was sued in strict liability, there could be no action against Hayward. Waco now appeals.

## I.

■■ It is fundamental that unless a contract is ambiguous, its meaning must be determined from the words used; and that courts will not construe into the contract provisions that are not therein. (*Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.* (1946), 395 Ill. 429, 432, 70 N.E.2d 604.) Further, contracts for indemnification are to be carefully scrutinized and strictly construed. (*De Tienne v. S. N. Nielsen Co.* (1st Dist. 1963), 45 Ill. App. 2d 231, 233, 195 N.E.2d 240, citing *Westinghouse*.) In the case at bar, therefore, we must examine the contract to determine if it specifically provided for Waco's indemnification from Hayward in light of the Sorrentino claim.

As we view the contract, the key provision is that "[t]he LESSEE assumes all responsibility for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment, and agrees to hold the COMPANY harmless from all such claims." The plaintiffs' action was premised on strict liability arising from Waco's *manufacture* of a scaffold which was dangerous and defective when it left Waco's control. Yet the hold-harmless clause does not purport to allow Waco indemnification for its asserted strict liability as manufacturer of a dangerous and defective scaffold. Instead the indemnity agreement is addressed to those claims "*growing out of the erection and maintenance, use or possession of said equipment * * *"* (Emphasis added.) Although Waco contends that by the terms of the contract Hayward agreed to indemnify and hold Waco harmless from all claims arising from the use of the scaffolding, we cannot agree. Construing the contract strictly as we must in adherence to the rule of *Westinghouse*, we hold that the indemnity clause is inapplicable to the facts alleged by the plaintiffs.

## II.

Waco properly maintains that a party's negligence is irrelevant in a strict liability action. As stated in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1st Dist. 1976), 40 Ill. App. 3d 99, 103, 351

N.E.2d 405, *appeal allowed* (1976), " * * * negligence must necessarily be omitted as an element of any strict liability action and in connection with claims for indemnity arising therefrom." In *Skinner* the injured plaintiff brought an action against the manufacturer on a strict liability theory; thereupon the manufacturer filed an amended third-party complaint seeking contribution from the plaintiff's employer. On appeal the trial court's dismissal of the amended third-party complaint was affirmed. The reasoning in *Skinner* is applicable to the instant case. We, too, must consider the application of principles of common law indemnity in a strict liability case. (*Skinner,* at 102.) We, too, believe that *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 82, 338 N.E.2d 857, guides us in the applicable Illinois policy:

> "The major purpose of strict liability is to place the loss caused by defective products on those who create the risk and reap the profit by placing a defective product in the stream of commerce, regardless of whether the defect resulted from the 'negligence' of the manufacturer. We believe that this purpose is best accomplished by eliminating negligence as an element of any strict liability action, including indemnity actions in which the parties are all manufacturers or sellers of the product."

Thus, the concepts of negligence and strict liability are, indeed, separate and distinct.

■■ We disagree, however, with Waco's conclusion that the third party complaint was improperly dismissed where Hayward alluded to Waco's negligence. There were several bases for Hayward's motion to dismiss; and we have already analyzed the dispositive basis. In its motion Hayward contended that the third-party complaint failed to state a cause of action if the Sorrentino claim sounded in strict liability. As we have previously explained, when strictly construed the express terms of the indemnity agreement did not require Hayward to indemnify Waco for the Sorrentino claim. The court below, therefore, properly dismissed Waco's third-party complaint.

### III.

■■ Finally Waco argues that the statutory provision (Ill. Rev. Stat. 1973, ch. 29, par. 61) does not apply to equipment leasing contracts despite such assertion in Hayward's motion to dismiss. In granting Hayward's motion, however, the trial court relied solely on the ground that the third-party complaint failed to state a cause of action. An appeal from an order dismissing a complaint for its failure to state a cause of action preserves for review only the question of the complaint's legal sufficiency. (*Richards v. Leimbacher* (3rd Dist. 1971), 131 Ill. App. 2d 775, 778, 267 N.E.2d 523.) As we have emphasized, Waco's third-party

complaint was legally insufficient; it stated no supportable claim for indemnification. Any discussion of Waco's final contention, therefore, would be academic. Accordingly, we need not and do not reach the question.

For the reasons herein stated, the order of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P. J., and JIGANTI, J., concur.