Helen CRUM, et vir., Plaintiffs,

v.

COLMAN–COCKER TEXTILE MACHIN-
ERY COMPANY, etc., Defendant and
Third-Party Plaintiff,

v.

FORMEX COMPANY, etc.,
Third-Party Defendant.

No. CIV–2–77–142.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 11, 1978.

Charles R. Terry and Gary E. Brewer, Morristown, Tenn., for plaintiffs.

N. R. Coleman, Jr., Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for Colman-Cocker Co.

Arthur D. Bryne, Knoxville, Tenn., for Formex Co.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A United States magistrate of this district recommended that the motion herein of the third-party defendant Formex Company (Formex) for a summary judgment as

to the claim of the third-party plaintiff Colman-Cocker Textile Machinery Company, (Colman-Cocker), Rule 56(b), Federal Rules of Civil Procedure, be granted. 28 U.S.C. § 636(b)(1)(B). Colman-Cocker served and filed timely written objection to such recommendation, and the undersigned judge considers de novo that portion of the recommendation to which objection was made. 28 U.S.C. § 636(b)(1).

In its third-party complaint herein, Colman-Cocker seeks indemnification from Formex on the basis of an express contract between those parties. Such "contract" is nothing more than a proposal submitted by Colman-Cocker to Formex which was never accepted in writing by Formex. Nevertheless, Colman-Cocker maintains that, somehow, Formex entered into such indemnification agreement by acquiescence. For present purposes the Court will assume this to have been the case.

The Court's jurisdiction having been invoked herein on the basis of the diverse citizenship of the parties and the requisite amount in controversy, 28 U.S.C. §§ 1332(a)(1), (c), the law of Tennessee is to be regarded as the rules of decision herein. 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins* (1938), 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188, 1194. Thereunder, it would not be against public policy for Colman-Cocker to contract with Formex to be indemnified against its own negligence; however, " * * * such a provision * * * would have to be expressly clear and in unequivocal terms. * * * " *Kellogg Company v. Sanitors, Inc.* (Tenn., 1973), 496 S.W.2d 472, 473; *accord*: *Kroger Co. v. Giem* (1964), 215 Tenn. 459, 387 S.W.2d 620, 625, both cases quoting with approval from *Buckeye Cotton Oil Co. v. Louisville & Nashville R. R.,* C.C.A.6th (1928), 24 F.2d 347, 348[2, 3].

Any contract of this nature must be strictly construed, and " * * * 'a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, *or unless no other meaning can be ascribed to it.*' * * * " *Kellogg Company v. Sanitors, Inc., supra,* 496 S.W.2d at 474 quoting from 41 Am.Jur.2d 699–700, Indemnity § 15 (emphasis supplied by Tennessee Supreme Court). Mere general, broad, and seemingly all inclusive language in an indemnifying agreement is not sufficient to impose liability for the indemnitee's own negligence. *Idem.*

The language relied upon by Colman-Cocker as the basis of its third-party claim against Formex is general, broad, and seemingly all inclusive.[1] It is not expressly clear and unequivocal in its terms, and as the magistrate found, some other meanings can be ascribed to such language. As the magistrate pointed out in his recommendation, it is not clear from the language used that the parties contemplated that Formex would indemnify Colman-Cocker for the negligence of the latter's employees during the installation and technical supervision of the machine involved. It is even less clear that these parties agreed that Formex would indemnify Colman-Cocker for claims arising some 4 years after the installation for Colman-Cocker's own negligence in designing and manufacturing this machine. Had these parties intended that Formex would indemnify Colman-Cocker for its own acts and omissions, as alleged herein, they could have easily so provided in a manner sufficient under the Tennessee law. See and *cf.* the indemnification agreements in *Jones Truck Lines, Inc. v. Ryder Truck*

---

1. The pertinent language reads as follows:

   * * * * * *

   The Purchaser [Formex] will indemnify and hold harmless the Company [Colman-Cocker] against and from any and all claims for death, personal injury or property damage arising out of or in any way connected with the delivery, installation or operation of the Equipment.

   * * * * * *

   * * * Technical supervision is undertaken only upon the consideration herein stated that the Buyer [Formex] indemnifies and holds the Seller harmless from all claims for personal injury, including death or property damage.

   * * * * * *

8

Lines, Inc., C.A.6th (1974), 507 F.2d 100 and in *Lewis v. Seaboard Coast Line R. Co.,* D.C.Tenn. (1975), 429 F.Supp. 73, affirmed C.A.6th (1976), 549 F.2d 801 (table). They simply did not do so.

█ There is no merit to Colman-Cocker's further contention that, in any event, it would be entitled to indemnity from Formex for the former's strict liability in tort, since the aforementioned rules are applicable only to a claim based upon negligence. It is the "* * * considered educated guess * * *" of this Court that the Supreme Court of Tennessee would also apply these rules to strict liability claims if that Court were faced squarely with this issue. *Cf. Lee v. Crenshaw,* C.A.6th (1977), 562 F.2d 380, 381. The Tennessee Supreme Court has recognized that there is little significant difference between an action based on negligence and one based on strict liability in tort. *Browder v. Pettigrew* (Tenn., 1976), 541 S.W.2d 402, 404[1]. There is obviously no meaningful distinction in this instance. Other state courts, faced with this issue, have held the aforementioned rules applicable in the strict liability setting. *Price v. Shell Oil Co.* (1970), 2 Cal.3d 245, 85 Cal.Rptr. 178, 466 P.2d 722, 730[12]; *Sorrentino v. Waco Scaffolding & Shoring Co.,* (1976), 44 Ill.App.3d 1055, 3 Ill.Dec. 559, 358 N.E.2d 1244, 1246[3].

Thus, as a matter of law,[2] Colman-Cocker is not entitled to indemnification from Formex on its third-party claim herein. The recommendation of the magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1), and the motion of the third-party defendant Formex for a summary judgment hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter, that the third-party plaintiff Colman-Cocker Textile Machinery Company, etc. take nothing from the third-party defendant Formex Company, etc. on the third-party claim herein. Rule 58(1), Federal Rules of Civil Procedure.

2. "* * * 'The interpretation and construction of a written contract are matters of law.' * * *" *Industrial Equipment Co. v. Emerson Elec. Co.,* C.A.6th (1977), 554 F.2d 276,

284[1], quoting from *Cordovan Assoc., Inc. v. Dayton Rubber Co.,* C.A.6th (1961), 290 F.2d 858, 860.