

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-1994

# Kruzits v. Okuma

Precedential or Non-Precedential:

Docket 94-1328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Kruzits v. Okuma" (1994). *1994 Decisions.* Paper 186.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT
_____

NO. 94-1328
_____

CHARLES SEAN KRUZITS and MARY KRUZITS

v.

OKUMA MACHINE TOOL, INC.;
HELLER FINANCIAL, INC.;
GOSIGER, INC.

v.

VINCENT W. VISCO, d/b/a VISTEK INDUSTRIES,
Third-Party Defendant

Heller Financial, Inc., Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsyvlania
D.C. No. 93-cv-03512
_____

Argued September 19, 1994
Before:  GREENBERG, ROTH, and ROSENN, <u>Circuit Judges</u>
Opinion Filed November 15, l994
_____

DAVID J. GRIFFITH, ESQUIRE
MICHELE DANIELE, ESQUIRE (Argued)
Harvey, Pennington, Herting & Renneisen, Ltd.
1835 Market Street, 29th Floor
Eleven Penn Center
Philadelphia, PA  19102
  Attorneys for Appellant, Heller Financial, Inc.

CHARLES W. CRAVEN, ESQUIRE (Argued)
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, 18th Floor
Philadelphia, PA  19103
  Attorneys for Appellee, Vincent Visco
_____

OPINION OF THE COURT

ROSENN, Circuit Judge.

Charles Sean Kruzits, an employee of Vincent M. Visco d/b/a/ Vistek Industries ("Vistek"), filed a strict products liability action against Okuma Machine Tool, Inc., manufacturer of a lathe which Kruzits alleges caused him personal injuries, and Heller Financial, Inc. ("Heller"), in the Court of Common Pleas of Philadelphia County.  Heller financed the purchase of the lathe and holds title to it for the sole purpose of perfecting its security interest.  The defendants subsequently removed the case to the United States District Court for the Eastern District of Pennsylvania.

In the district court, Heller filed a third-party complaint against Vistek seeking indemnification and defense under the terms of their lease agreement.  Vistek moved for judgment on the pleadings.  The district court granted Vistek's motion.  Heller appeals.[1]  We reverse.

I.

Kruzits, an employee of Vistek, sustained injuries in the course of his employment while operating a lathe manufactured by Okuma Machine Tool, Inc.  He sued Heller and several other

---

[1]. Heller filed its notice of appeal before the district court certified its order as final under Federal Rules of Civil Procedure Rule 54(b).  Thereafter, Vistek filed a motion to dismiss the appeal for lack of jurisdiction.  This court denied Vistek's motion because the district court has certified its order as final under Rule 54(b) and because there is no indication that hearing this appeal will prejudice Vistek's rights. See Richerson v. Jones, 551 F.2d 918, 921-923 (3d Cir. 1977).

defendants for compensation for his injuries. Heller, who merely financed the lathe but exercised no operational control over it, took title to it, and leased it to Vistek pursuant to the security lease agreement.

In the district court, Heller filed a third-party complaint against Vistek, alleging that, under the terms of its lease agreement, Vistek should defend and indemnify Heller in the underlying action. Vistek moved for judgment on the pleadings contending that the language of the indemnity provision in the lease agreement was not specific enough to overcome the immunity which Vistek, as Kruzits' employer, asserted pursuant to the Pennsylvania Workers Compensation Act ("PWCA"), 77 P.S. § 481(b).[2]

The district court granted Vistek's motion for judgment on the pleadings, holding that the PWCA precluded Heller from seeking indemnity from Vistek. The court accepted Vistek's

---

[2]. Section 481(b) of the Pennsylvania Workmen's Compensation Act provides that:

> In the event injury or death to an employee [sic] is caused by a third party, then such employee [sic]. . . may bring [an] action at law against such third party, but the employer . . . shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. Pa. Stat. Ann. tit. 77, §481(b) (1974).

argument that the indemnity provision in the lease agreement was not specific enough to overcome Vistek's employer's immunity under the PWCA. The court rejected Heller's contention that Illinois law should govern the interpretation of the indemnity clause because of a choice of law provision in the lease agreement.[3] The court concluded that Pennsylvania law should apply because Pennsylvania had a significant interest in the underlying action which justified ignoring the contractual choice of law provision.

This appeal only considers the issue of whether Heller can successfully bring Vistek into the underlying action as a third party defendant.

## II.

This court exercises plenary review over district court orders granting a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See e.g., Jablonski v. Pan American World Airways Inc., 863 F.2d 289, 290 (3d Cir. 1988). Under Rule 12(c), we will not grant judgment on the pleadings "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Id. (quoting Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980) (citation omitted).

## A.

---

[3]. The choice of law provision of the security lease provides, in pertinent part, that: "this lease will be governed by the internal law and decisions . . . of the State of Illinois, including all matters of construction, validity, enforceability, and performance."

We must determine: first, whether Pennsylvania or Illinois law controls the interpretation of the indemnity clause of the lease agreement; and second, whether the indemnity clause is enforceable under the applicable law.

A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941); American Air Filter Co. v. McNichol, 527 F.2d 1297, 1299 n. 4 (3d Cir. 1975). Accordingly, we apply Pennsylvania choice of law rules in this case.

Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them. Smith v. Commonwealth Nat. Bank, 557 A.2d 775, 777 (Pa. Super. 1989), appeal denied, 569 A.2d 1369 (Pa. 1990). Pennsylvania courts have adopted section 187 of the Restatement, Second, Conflict of Laws which provides that:

>    (1)  The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

>    (2)  The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

>>    (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue . . . .

See e.g., Schifano v. Schifano, 471 A.2d 839, 843 n. 5 (Pa. Super. 1984) (citing with approval the Restatement, Second, Conflict of Laws).

In this case, paragraph 21 of the lease agreement specifically provides that the lease will be governed and construed in all respects by the internal laws and decisions of the State of Illinois. Accordingly, Heller contends that the choice of law provision in the lease agreement should be given effect under the conflict of law rules of Pennsylvania. In particular, Heller argues that, because the issue of indemnity was one which the parties could have and did resolve by an explicit provision in their agreement, pursuant to the Restatement, Second, the district court should have applied the law chosen by the parties in construing the indemnity clause.

Vistek, on the other hand, argues that the district court correctly applied Pennsylvania law because of Pennsylvania's strong public policy interest in enforcing its

Workmen's Compensation Act.[4]  Vistek contends that Pennsylvania law should govern because the underlying action involved a Pennsylvania worker, the accident occurred in Pennsylvania and the indemnity claim was against a Pennsylvania employer.

Vistek is correct about the character of the underlying action and also that Pennsylvania has a strong interest in protecting the terms of the PWCA, but Vistek misconstrues the issue that this court must resolve.  This case does not implicate the PWCA.  The immunity of the employer (Vistek) under the PWCA does not affect the obligation of the lessee (also Vistek) to defend and indemnify the lessor (Heller) from any liability under the terms of its financial arrangement with Heller.

The agreement between Heller and Vistek is a freely negotiated financing contract between two commercial entities. Pennsylvania courts will only ignore a contractual choice of law provision if that provision conflicts with strong public policy interests. See e.g., Soxman v. Goodge, 539 A.2d 826 (Pa.Super, 1988); Leidy v. Desert Enterprises, Inc., 381 A.2d 164 (Pa.Super, 1977).

---

[4].  Vistek also asserts on appeal that the lease agreement is unenforceable because no one from Heller signed it.  In response, Heller argues that Vistek waived this issue by not raising it in the district court.  Furthermore, Heller contends that a signed copy of the lease agreement does exist and has moved to substitute a signed copy of the lease agreement for the unsigned copy they initially provided.

This court will not consider an issue raised for the first time on appeal absent a showing that a gross miscarriage of justice will otherwise result. Newark Morning Ledger Co. v. United States, 539 F.2d 929, 932 (3d Cir. 1976).  Therefore, we reject Vistek's argument and deny Heller's motion as moot.

In this case, no strong public policy issues are infringed. This litigation has no effect on the employer's rights and obligations under the PWCA and Kruzitz makes no claim that the third party, Heller, caused his personal injury. On the other hand, Illinois, the chosen state, has "a substantial relationship to the parties." In the commercial world, where an Illinois company, such as Heller, finances purchases of commodities, machinery, and equipment in many, if not all, of the states in the nation, it is understandable and reasonable that Heller include choice of law provisions in its financial agreements to ensure that those agreements are governed by the law of its principal place of business rather than the laws of each and every state where its borrowers do business. We hold that under Pennsylvania choice of law rules, contractual choice of law provisions contained in a financial agreement that enables an employer to purchase plant equipment is binding on the parties.

B.

Because the contractual choice of law provision is not superseded, Illinois law governs our interpretation of the indemnity clause. Vistek contends that the Illinois' courts would reject the choice of law provision and apply Pennsylvania law to the instant case because of Pennsylvania's strong interest in enforcing the PWCA. See e.g., Lyons v. Turner Constr. Co., 551 N.E.2d 1062, 1066 (Ill.App. Ct. 1990) (court disregarded contractual choice of law provision because applying the chosen law was contrary to a fundamental state policy). As discussed

above, this choice of law provision does not infringe on the PWCA or any other important Pennsylvania interest. Therefore, this court looks to Illinois law to determine the effect of the indemnity clause.

In general, Illinois courts will strictly construe indemnity clauses. Sorrentino v. Waco Scaffolding & Shoring Co., 358 N.E.2d 1244 (Ill.App. Ct. 1976). However, "[i]n interpreting a contract for indemnity, [Illinois] courts must give the agreement a fair and reasonable interpretation based upon a consideration of the agreement as a whole." Allen v. International Harvester Co., 571 N.E.2d 773, 775 (Ill.App. Ct. 1991) (citations omitted); Smith v. Clark Equipment Co., 483 N.E.2d 1006, 1010 (Ill.App. Ct. 1985). The courts attempt to determine and then implement the intention of the parties. Higgins v. Kleronomos, 459 N.E.2d 1048, 1051 (Ill.App. Ct. 1984).

The courts look to see if the indemnity clause specifically and clearly provides for indemnification against the particular underlying claims. Sorrentino, 358 N.E.2d 1244; Westinghouse Elec. Elevator Co. v. La Salle Monroe Building Corp., 70 N.E.2d 604, 607 (Ill. 1946), superseded by statutes on other grounds, (court will not construe a contract to indemnify for personal injuries to indemnify against the indemnitee's negligence absent express contractual language). The Illinois court will enforce an indemnity clause if it is sufficiently clear and specific. Owens v. Midwest Tank and Mfg. Co., 549 N.E.2d 774, 776 (Ill.App. Ct. 1989).

Here the indemnity clause of the security agreement plainly states:

> 13. Indemnity:  [Vistek] does hereby assume liability for and does agree to indemnify, protect, save, and keep harmless [Heller] from and against any and all liabilities, losses . . . including attorneys fees, court costs and legal expenses of whatever kind or nature, imposed on, incurred by, or asserted against [Heller] in any way relating to or arising out of this Lease or the manufacture, purchase, ownership, delivery, lease, possession, use, operation, condition, return or other disposition of the equipment by [Heller] or [Vistek], . . . **any claim arising out of strict liability in tort**, and any taxes for which [Vistek] is responsible hereunder. . . . (Emphasis added).

Under Illinois law, this language is sufficient to require Vistek to defend and indemnify Heller.  See e.g., <u>Patton v. T.O.F.C., Inc.</u>, 398 N.E.2d 313 (Ill.App. Ct. 1979) (where the Appellate Court of Illinois enforced an indemnity clause which contained language referring indirectly to strict products liability claims).

The indemnity clause at issue in this case provides that Vistek will assume liability for any claims arising out of the use, operation or condition of the lathe and "any claims arising out of strict liability in tort."  This clause contains a direct reference to strict products liability claims and Vistek must therefore indemnify Heller in the underlying action.

### III.

Therefore, we hold that under Pennsylvania choice of law rules, a choice of law clause in an equipment financing

agreement between an employer and a third party is not preempted by the Pennsylvania Workmen's Compensation Act, notwithstanding the PWCA provisions granting immunity to an employer from indemnity suits by third parties for claims against those third parties arising out of an employee's injuries during the course of employment. We further hold that the indemnity clause is enforceable under Illinois law and that Vistek must indemnify Heller.

Accordingly, the judgment of the district court will be reversed and the case remanded with directions to reinstate Heller's third-party complaint and for such further proceedings as are consistent with this opinion.[5]

Costs taxed against the appellee.

_____

[5]. On remand, the district may want to consider Nath v. National Equipment Leasing Corp., 439 A.2d 633 (Pa. 1981) which held that a finance lessor who is not in the business of selling or marketing merchandise will not be liable in a strict products liability action.