**Charles Sean KRUZITS**
**and Mary Kruzits**

v.

**OKUMA MACHINA TOOL, INC., Heller Financial, Inc. and Gosinger, Inc.**

v.

**Vincent W. Visco, d/b/a Vistek Industries.**

**No. CIV. A. 93–3512.**

United States District Court,
E.D. Pennsylvania.

Dec. 7, 1998.

James E. Beasley, Beasley, Casey and Erbstein, Daniel L. Thistle, Beasley, Casey, Colleran, Erbstein, Thistle & Kline, Slade H. MC Laughlin, Philadelphia, PA, for Charles Sean, Mary Kruzits, Plaintiffs.

Andrew J. Connolly, Post and Schell, P.C., Robert M. Britton, Philadelphia, PA, for Okuma Mach. Tool, Inc.

David J. Griffith, Melissa C. Bittner, Michele Daniele, Harvey, Pennington, Herting and Renneisen, Ltd., Philadelphia, PA, for Heller Financial, Inc.

Robert S. Davis, Davis, Riter, Parry & Hartmann, Philadelphia, PA, for Gosiger, Inc.

*MEMORANDUM/ORDER*

POLLAK, District Judge.

The facts of this case—as well as much of the early procedural history—are summarized in *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52 (3d Cir.1994). Subsequent to that decision, on August 10, 1995, I granted summary judgment for Heller Financial, Inc. ["Heller"] and dismissed with prejudice all claims and cross-claims against Heller. That

summary judgment order specified that "judgment is reserved with regard to [Heller's] claim for attorney fees against Visco. The issue of attorney fees shall be decided at a later date." That later date has now arrived.

On June 6, 1998, Heller filed a "Motion to Claim Attorney's Fees and Legal Costs" pursuant to Fed. R. Civ. Pro. 54(d)(2), requesting that Visco pay $4014 in legal fees.[1] (No "costs" were alleged.) Though the issue of attorney fees was specifically reserved in the August 10, 1995 order, Heller appears to believe that the issue has already been decided in its favor. Heller does, however, point to the language of an indemnity clause to argue that attorney fees should be ordered.

In relevant part, the indemnity clause states that Visco "does hereby assume liability for and does agree to indemnify, protect, save, and keep harmless [Heller] from and against any and all liabilities, losses ... including attorneys fees, court costs and legal expenses of whatever kind or nature, imposed on, incurred by, or asserted against [Heller] in any way relating to or arising out of this Lease of the manufacture, purchase, ownership, delivery, lease, possession, use, operation, condition, return or other disposition of the equipment by [Heller] or [Vistek] ...." *See Kruzits,* 40 F.3d at 56–57 (bracketed names in original). The Third Circuit has held the language clear and enforceable. *Id.* at 57.

Visco argues that, as early as March 1994, he informed Heller that he would not oppose a motion for summary judgment, and that the ensuing nineteen months of litigation by Heller's counsel was unnecessary, and therefore not owed under the indemnity clause. Visco does not claim that the nineteen month delay was occasioned by willful malingering or an improper desire to inflate attorney fees, but rather because "Heller delayed filing the motion for summary judgment, while it pursued an appeal to secure its right to indemnity." Visco provides no authority for the proposition that an indemnitee must pursue only that litigation strategy which results

in the swiftest resolution. Heller apparently believed that clarifying the enforceability of the indemnification clause was in its best interests, and its counsel accordingly pursued the issue. The indemnification clause provides indemnification for "attorneys fees, court costs and legal expenses *of whatever kind or nature* ... in any way relating to or arising out of this Lease ..." (emphasis added). Clarification of the clause itself certainly comes within such broad language. Accordingly, defendant Heller's "Motion to Claim Attorney's Fees and Legal Costs" pursuant to Fed. R. Civ. Pro. 54(d)(2) is hereby GRANTED, and third party defendant Visco is ORDERED to pay Heller $4014.00.

---

1. Heller's counsel submits that the total of $4014 represents 44.6 hours of work, at a rate of $90 per hour. Visco has not challenged the propriety of the hourly fee, and this court has no reason to question the veracity of Heller's counsel's submissions as to hours or hourly fee.