

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2007

# McGinley v. McGinley

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5562

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McGinley v. McGinley" (2007). *2007 Decisions.* Paper 277.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5562
_____

TIMOTHY McGINLEY;
CATHERINE McGINLEY,
Individually and as Husband and Wife

Appellants

v.

GEORGE W. McGINLEY, M.D.;
GEORGE W. McGINLEY, M.D., P.C.,
Individually and doing business as Optical Effects;
WALTER'S PHARMACY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-03500)
District Judge:  Bruce W. Kauffman
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2007

Before:  FISHER, STAPLETON and COWEN, *Circuit Judges*.

(Filed: November 1, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This is a choice of law case with sad facts. Appellants including Timothy McGinley (the plaintiff) initiated a medical malpractice action in the United States District Court for the Eastern District of Pennsylvania against appellees including Dr. George W. McGinley (the defendant). The District Court entered judgment for the appellees because a California one-year statute of limitations barred the action. For the reasons that follow, we will affirm.

I.

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis. From 1989 to 1993, the defendant, who practiced ophthalmology in Pennsylvania, prescribed his nephew, the plaintiff, narcotic painkillers to treat his carpal tunnel syndrome. The plaintiff apparently became addicted to the painkillers during this period.

From 1993 to 2002, the plaintiff sought treatment for his addiction and moved from Pennsylvania to California. In June 2002, as the result of a work-related injury, he was hospitalized and treated with narcotic painkillers, resulting in a relapse of his addiction. After release from the hospital, the plaintiff again received narcotic painkillers, this time through the mail from the defendant, who remained a Pennsylvania resident.

On July 26, 2002, while allegedly under the influence of the painkillers provided by the defendant, the plaintiff was involved in a single vehicle accident near Walnut

2

Creek, California.  As a result of the accident, the plaintiff was left with irreparable brain damage, nerve damage, and other injuries.  These injuries have had serious long-term effects on the plaintiff's ability to work and function.

On July 23, 2004, almost two years later, the plaintiff initiated this state-law medical malpractice action against the defendant.  The theory of the case is that the defendant negligently diagnosed the plaintiff and prescribed the painkillers to him without any examination of the patient, proximately causing the serious injuries from the car accident.  On December 5, 2005, in a written memorandum and order, the District Court granted the defendant's motion for judgment on the pleadings, on the basis that the applicable statute of limitations barred the plaintiff's action.  The plaintiff filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's decision to grant a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  *In re McAllister Towing and Transp. Co.*, 432 F.3d 216, 219 (3d Cir. 2005).  A federal court sitting in diversity must apply the choice of law rules of the forum state, which is Pennsylvania in the instant case.  *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994).  Under Pennsylvania's Uniform Statute of Limitations on Foreign Claims Act (the Borrowing Act), "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of the Commonwealth,

3

whichever first bars the claim." 42 PA. CONS. STAT. ANN. § 5521(b).  A claim "accrues"

for purposes of section 5521(b) in the state "where as well as when the final significant

event that is essential to a suable claim occurs."  *McKenna v. Ortho Pharm. Corp.*, 622

F.2d 657, 660 (3d Cir. 1980); *accord Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826

(3d Cir. 1985).

In the case at bar, the District Court properly identified California as the place

where the claim "accrued."  This is because the plaintiff's car accident, which happened

in California, was the final significant event that was essential to his medical malpractice

claim.  In both California and Pennsylvania, damages are a required element of medical

malpractice.  *Hanson v. Grode*, 90 Cal. Rptr. 2d 396, 400 (Cal. Ct. App. 1999); *Quinby v.*

*Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1070 (Pa. 2006).  Here, the

predominant source of damages is the car accident, after which there were no significant

events that happened to affect the claim.

It follows under the Borrowing Act that California's statute of limitations applies

because it bars medical malpractice actions unless filed within "three years after the date

of injury or one year after the plaintiff discovers, or through the use of reasonable

diligence should have discovered, the injury, whichever occurs first."  CAL. CIV. PROC.

CODE § 340.5.  The applicable Pennsylvania statute of limitations, by contrast, bars

claims after two years for all negligence actions.  *See* 42 PA. CONS. STAT. ANN.

§ 5524(2).  Under California's statute, then, because the plaintiff here filed his action

4

almost two years after he discovered his injury, *i.e.*, at the time of the car accident, the District Court properly entered judgment for the defendants.

The plaintiff's only rebuttal to the foregoing analysis is that it would be "illogical" to apply California's statute of limitations in a case in which California could not exercise personal jurisdiction over the defendant. But this is beside the point. Even assuming, arguendo, that the plaintiff's personal jurisdiction analysis is correct, it is well established that personal jurisdiction and choice of law are distinct issues. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 372 n.4 (3d Cir. 2002); *Ballard v. Savage*, 65 F.3d 1495, 1501 (9th Cir. 1995). Courts have thus applied a jurisdiction's statute of limitations without regard to whether that jurisdiction could exercise personal jurisdiction over the defendant. *E.g.*, *Ins. Co. of N. Am. v. ABB Power Generation, Inc.*, 690 N.E.2d 1249, 1253 (N.Y. 1997). Therefore, whether or not California could exercise personal jurisdiction over the defendant does not affect whether any applicable California statute of limitations should apply.

The plaintiff has one more arrow in his quiver, however. He argues that the California statute of limitations that applies is the two-year general personal injury and wrongful death statute, CAL. CIV. PROC. CODE § 335.1, rather than the one-year medical malpractice statute, CAL. CIV. PROC. CODE § 340.5. He argues that this is because the definition of "health care provider" in section 340.5(1) is limited to physicians licensed or certified in California, which the defendant was not.

5

Our review of the record indicates, however, that the plaintiff did not raise this argument before the District Court. "It is well established that failure to raise an issue in the district court constitutes waiver of the argument." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991). It is true that we have discretion to decide issues that have been waived. *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005).

However, besides the fact that we have characterized this discretion as "exceptional," *id.*, an important factor in exercising the discretion in *Bagot* was that "the proper resolution of the legal question, though not exactly simple, is reasonably certain." *Id.* Here, the correct resolution is far from certain. In *Chosak v. Alameda County Medical Center*, 63 Cal. Rptr. 3d 184 (Cal. Ct. App. 2007), the intermediate appellate court in California looked beyond the plain language in section 340.5 to hold that it applies to "out-of-state doctor[s] legally practicing in California under the licensing and certification exemptions of [the California Business and Professions Code]." *Id.* at 194. Whether or not a further expansion should be made to cover all out-of-state physicians is a question whose answer is not at all certain.

Moreover, another consideration in invoking the *Bagot* exception is whether an issue's resolution is of public importance. *Bullock v. Dressel*, 435 F.3d 294, 300 (3d Cir. 2006). Here, how the federal court of appeals in Philadelphia resolves the applicability of California's statute of limitations in a medical malpractice action is not of public

6

importance because it has binding effect only on courts that rarely, if ever, will encounter the issue again. Therefore, the *Bagot* exception should not apply in this case.

## III.

Having concluded that the preserved appellate arguments that the plaintiff makes are without merit, we will affirm the order of the District Court.