GLD-145                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4157
_____

BENJAMIN C. RIGGS, JR.,
d/b/a RESOURCE MANAGAMENT COMPANY,
Appellant

v.

AHP SETTLEMENT TRUST
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-02824)
District Judge:  Honorable Harvey Bartle III
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
March 24, 2011

Before:  AMBRO, CHAGARES and GRENBERG, Circuit Judges

(Opinion filed March 30, 2011)
_____

OPINION
_____

PER CURIAM

Benjamin Riggs appeals from the order of the United States District Court for the

Eastern District of Pennsylvania dismissing his diversity action for failure to state a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

I.

In June 2010, Riggs, a Rhode Island citizen,[1] filed a complaint in the District Court against AHP Settlement Trust ("Trust"), a Pennsylvania citizen, raising claims of fraud, negligence, conspiracy, breach of fiduciary duty, and tortuous interference with business relationships.

As background, in 1999, Wyeth reached a Nationwide Class Action Settlement Agreement ("Settlement Agreement") in connection with claims arising from the purchase and use of the diet drug known as Fen-Phen. Under the Settlement Agreement, the Trust was established to receive funds from Wyeth and distribute benefits to qualifying class members.

According to Riggs' complaint, he entered into an agreement with the late Frank Gregory, Esq. ("Gregory") on January 31, 2003. Under the agreement, Resource financed Gregory's prosecution of certain Fen-Phen claims. Riggs contends that Resource had a lien on Gregory's contingent fee receivables in return.

Riggs alleges that instead of paying Resource, the Trust wrongfully paid fees to Gregory and another company financing Gregory's litigation, American Asset Finance

---

[1] Riggs is also the sole proprietor of Resource Management Company ("Resource"), a New Hampshire company.

2

("American Asset"). On August 25, 2006, Riggs wrote to the Trust. In his letter, Riggs asserted a "valid and continuing security interest and lien" on attorney's fees payable to Gregory. On September 11, 2006, the Trust orally responded to Riggs' letter by stating that it did not recognize Resource's lien. The Trust also sent Riggs letters in October and November of that same year, again stating that it would not recognize Riggs' claims. Riggs subsequently sued Gregory's Estate in the District of New Hampshire and obtained a judgment in his favor. During the course of the litigation, Riggs received a letter from the Trust dated June 15, 2007, which stated that the Trust had paid over $500,000 to Gregory and American Asset. Of that amount, over $300,000 was paid after the Trust received Riggs' letter asserting a lien.

On May 29, 2009, Riggs filed a lawsuit against the Trust and Wyeth in the United States District Court for the District of Rhode Island. By order of the Judicial Panel on Multidistrict Litigation, that action was transferred to the United States District Court for the Eastern District of Pennsylvania on December 15, 2009 as part of the Diet Drug Multidistrict Litigation. The District Court then dismissed the complaint against the Trust for lack of personal jurisdiction pursuant to Rule 12(b)(2). See Riggs v. Wyeth, Inc., et al., No. 09-20008 (E.D. Pa.). Riggs did not appeal that determination to this Court and, on June 10, 2010, he filed the complaint at issue here in the District Court. The Trust filed a motion to dismiss the complaint, arguing that Riggs' claims are barred by the statute of limitations. The District Court granted the motion and Riggs timely appealed.

3

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.  We review de novo

a district court's decision to dismiss a complaint for failure to state a claim upon which

relief may be granted.  See Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir.

2010).  "In deciding a motion to dismiss all well-pleaded allegations of the complaint

must be taken as true and interpreted in the light most favorable to the plaintiff[], and all

inferences must be drawn in favor of [him]."  McTernan v. City of York, 577 F.3d 521,

526 (3d Cir. 2009) (internal citation and quotation marks omitted).  To withstand a Rule

12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly 550 U.S. 544, 570 (2007)).

As an initial matter, we agree with the District Court that Pennsylvania's two-year

statute of limitations applied, 42 Pa. Cons. Stat. Ann. § 5524.[2]  Riggs argued that the

proper statute of limitations is either New Hampshire's, which is three years, N.H. Rev.

Stat. § 508:4, or Rhode Island's, which is ten years, R.I. Gen. Laws § 9-1-13(a).

A federal court sitting in diversity must apply the choice of law rules of the forum

state, which is Pennsylvania in the instant case.  See Kruzits v. Okuma Mach. Tool, Inc.,

---

[2] Claims based on fraud, breach of fiduciary duty, and negligence are subject to a two-year limitations period.  See 42 Pa. Cons. Stat. Ann. § 5524(7); Maillie v. Greater Del. Valley Healthcare, Inc., 628 A.2d 528, 532 (Pa. Commw. Ct. 1993). Claims for tortious interference are also subject to a two-year limitations period. 42 Pa. Cons. Stat. Ann. § 5524(3); CGB Occupational Therapy, Inc. v. RNA Health Servs., Inc., 357 F.3d 375, 383 (3d Cir. 2004).

4

40 F.3d 52, 54-55 (3d Cir. 1994) (citing <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 497 (1941)) (federal court exercising diversity jurisdiction must apply choice of law rules of forum state). Under Pennsylvania's Uniform Statute of Limitations on Foreign Claims Act (the Borrowing Act), "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of the Commonwealth, whichever first bars the claim." <u>See</u> 42 Pa. Cons. Stat. Ann. § 5521(b). Accordingly, we need not decide whether the claims accrued in Pennsylvania, Rhode Island or New Hampshire because the Commonwealth's two-year statute applies in any case.

Riggs also disputes when the statute of limitations began to run on his claims. In Pennsylvania, the two-year period begins as soon as the injury is sustained. <u>Bohus v. Beloff</u>, 950 F.2d 919, 932 (3d Cir. 1991). However, the discovery rule provides that "the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." <u>See</u> <u>Fine v. Checcio</u>, 870 A.2d 850, 859 (Pa. 2005).

Riggs argues that he did not discover his injury until 2007. However, we agree with the District Court that Riggs acknowledged in his complaint that he received a response from the Trust, as early as September 2006, that the Trust did not recognize his asserted lien. Riggs did not file his complaint until June 2010, nearly four years later. Although Riggs may not have known the extent of the payments that had been made to Gregory directly, as the District Court noted, he was on notice that the Trust did not

5

recognize his asserted lien, and that the it would not be remitting payment to Resource.[3]

See Ackler v. Raymark Indus., Inc., 551 A.2d 291, 293 (Pa. Super Ct. 1998) (a plaintiff need not know the exact nature of his injury, as long as it objectively appears that the plaintiff "is reasonably charged with the knowledge that he has an injury caused by another.") Thus, we agree with the District Court that based on the pleadings, Riggs discovered that he had been harmed no later than September 2006. His claims are therefore time-barred.

We further agree with the District Court's conclusion that Riggs' complaint eliminates any basis for tolling the limitations period on the grounds of fraudulent concealment. "[I]n order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiff [ ] justifiably relied." Lazarski v. Archdiocese of Phila., 926 A.2d 459, 465 (Pa. Super. Ct. 2007). Again, Riggs stated in his complaint that the Trust openly declared, as early as September 2006, that it did not recognize the asserted lien. In light of that, any failure of the Trust to notify Riggs before continuing to make payments to Gregory is not an affirmative act of concealment.

In sum, because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's judgment.

---

[3] Even assuming that the statute was tolled by the filing of his complaint in the District Court in Rhode Island on May 29, 2009, Riggs' claims would still be time-barred based on his pleading which stated that he discovered the harm in September 2006.